Affirmed and Opinion filed August 31, 2010.

 

In
The

Fourteenth
Court of Appeals



NO. 14-08-00539-CV



THE STATE OF
TEXAS, Appellant 

v.

GAYLOR INVESTment
Trust PARTNERSHIP, Appellee 



On Appeal from
the County Civil Court at Law No. 3 

Harris County, Texas

Trial Court
Cause No. 830,942



 

OPINION 

               In
this condemnation action, the trial court limited both the condemning authority
and the landowner to one trial expert.  On appeal, the condemning authority
asserts that the trial court abused its discretion by not allowing the
authority to call two additional experts to testify to alleged errors and
deficiencies in the methodology and opinions of the landowner’s expert, in
addition to the authority’s expert on the issue of the amount of compensation
to be awarded to the landowner.  Concluding there was no abuse of discretion,
we affirm the trial court’s judgment.

 

I.                  
Factual and
Procedural Background

            In
this condemnation action, appellant the State of Texas acquired 0.5256 acres of
land for use in widening Interstate Highway 10.  After the State filed its
petition,
the trial court appointed special commissioners, who conducted
a hearing and assessed damages of $1.5 million under section 21.042 of the
Texas Property Code.  The landowner, appellee Gaylor Investment Trust Partnership,
objected to the special commissioners’ findings, triggering
a trial de novo in the trial court.  

            Gaylor retained Mark Sikes of Lewis Realty Advisors as
its expert.  Sikes testified at trial that Gaylor should be awarded total
compensation of $2,890,367.  After Gaylor rested in its case-in-chief, the
trial court ruled that Nelson Bowes and Larry Wright, two experts retained by
the State, would not be allowed to testify at trial.  The State then called
expert Steve Fanning, who testified that Gaylor should be awarded total
compensation of $520,500.  The jury found that Gaylor should be awarded
$1,847,583, and the trial court rendered judgment on the jury’s verdict.

II.        Issue Presented

            On appeal, the State asserts in a single issue that
the trial court abused its discretion by excluding the testimony of Bowes and
Wright.

III.      Standard of Review

A
decision to admit or exclude evidence rests within the sound discretion of the trial court.  K-Mart
Corp. v. Honeycutt, 24 S.W.3d 357, 360 (Tex. 2000) (per curiam).  A trial
court abuses its discretion if
its decision is arbitrary, unreasonable, or without reference to guiding
principles.  See id.  An abuse of discretion does not occur merely because the appellate court would
have decided a discretionary matter in a different way than the trial court. See
Downer v. Aquamarine Operators, Inc., 701 S.W.2d 238, 242 (Tex. 1985).  

IV.      Analysis

A.               
Did the State preserve error as to its appellate issue?


Gaylor asserts that the State did not preserve error
as to its sole issue.  Therefore, we review the record regarding the issue of
the admissibility of Bowes’s and Wright’s testimony to determine if the State
preserved error.  

Three weeks before the beginning of trial, Gaylor
filed a motion seeking to preclude the State from calling more than one
appraisal expert to testify at trial.  Gaylor based this motion on an affidavit
from its attorney of record stating that “[o]n or about December 8, 2007, this
Court ruled that Gaylor could have only one appraisal witness [and] was not
allowed to add an additional appraisal expert in this proceeding.”[1]  Gaylor’s
counsel further stated that “[a]t the same time, the Court advised the State
that it may only use one appraisal witness at trial and instructed the State’s
counsel to provide counsel for Gaylor with the identity of that expert in the
near future.  To date, the State has not done so.”  Our appellate record does
not contain a reporter’s record from this hearing, and there is no written
order in the record in which the trial court makes such a ruling.

In its motion, Gaylor asserted that, despite the
trial court’s prior ruling that only one appraisal expert could testify for the
State, the State recently had stated in amended discovery responses that the
State expected to call Fanning, Bowes, and Wright to testify at trial, and all
of these witnesses are appraisal experts.  The State responded in opposition to
Gaylor’s motion and asserted that (1) the trial court had not limited each side
to one appraisal witness as claimed by Gaylor; (2) the State had attempted to
obtain a reporter’s record from the hearing in question but the court reporter
was unable to provide one; (3) at the hearing in question, rather than limiting
the State to one appraisal witness, the trial court questioned the State’s need
to call four expert “rebuttal witnesses,” as the State planned to do; (4) in
response to the trial court’s concerns, the State indicated that it would limit
its “live rebuttal witnesses at trial” to Bowes and Nelson; and (5) Bowes and
Wright would not provide an opinion as to how much compensation the State should
pay to Gaylor; instead, they would “rebut Mr. Sikes’ testimony using Mr.
Sikes’ own data.” (emphasis in original).

In sum, Gaylor believed that the trial court had
limited each party to a single appraisal expert, but the State contended that
the trial court had made no such ruling.  It appears that the State’s counsel
believed that the trial court would allow only one expert for each party
regarding how much compensation the State should pay Gaylor (“Compensation
Issue”).  Nonetheless, the State’s counsel appears to have believed that the
trial court’s limitation did not apply to any experts designated as “rebuttal
witnesses” who would find fault with Sikes’s opinions but not opine regarding
the Compensation Issue.  The record does not contain a ruling by the trial
court on Gaylor’s motion.[2]

At a hearing on February 18, 2008, the trial court
discussed various pretrial matters with counsel.  Counsel for the State
indicated that Fanning would give an “opinion of value,” and that Bowes’s and
Wright’s testimony would be “rebuttal to Mr. Sikes’ opinion.” Counsel for the
State said that Fanning’s “opinion of value” was “certainly not what Gaylor’s
opinion . . . is as to value.”  This reference to “Gaylor’s opinion” apparently
led the trial court to believe that Gaylor might be intending to call a Mr.
Gaylor to testify as an expert.  The trial court asked counsel for Gaylor if
Mr. Gaylor would be testifying, and counsel for Gaylor said that Mr. Gaylor
would not be testifying.  The trial court then stated, “I was going to say,
didn’t we already go over this rule? One expert?”  

Later during the same hearing, the trial court
addressed whether Bowes and Wright would be excluded from the courtroom under
“the Rule.”  In discussing Bowes and Wright, the trial court stated that
“[e]ven though the Court has not decided that they’re going to get to testify,
that issue is still out there.  Remember, I told you the more you talked about
it the less inclined I was given the reasons you were giving me?”  The State
responded “Your Honor, I know of no rule which would prohibit the State of
Texas from putting on rebuttal experts.”  The trial court then suggested that
the matters that the State wished to put on through Bowes and Wright should be
addressed instead by Fanning’s testimony or by the State’s cross-examination of
Sikes.  

We conclude that, as of February 18, 2008, the trial
court had limited each party to a single expert witness.  The State had
advanced the argument that the trial court should allow Bowes and Wright to testify
as “rebuttal witnesses” who would find fault with Sikes’s opinions but not
opine regarding the Compensation Issue.  Though the trial court had not yet
addressed this argument, the trial court expressed skepticism about it and
stated that it was inclined to require these matters to be addressed in
Fanning’s testimony or in the State’s cross-examination of Sikes.  

During trial a few days later, on February 21, 2008,
at a bench conference during Gaylor’s case-in-chief, the trial court asked the
State to make an informal offer of proof so that the trial court could
determine whether it would allow Bowes and Wright to testify.  Counsel for the
State described some of the matters that the State wanted Bowes and Wright to
address in their testimony.  The trial court stated the State had not yet shown
that Bowes and Wright have knowledge of facts that would rebut Sikes’s
testimony.  The trial court advised that it still was not going to let Bowes
and Wright testify but that if something were to arise as to which their
testimony would become necessary, the trial court would consider that argument.
Though the trial court did not allow the State to make an offer of proof in a
question-and-answer format, the trial court stated that it would base its
ruling on the State’s summary of the proposed testimony and on any documents
that the State tendered to the court reporter.

Four days later, the State began its case-in-chief. 
The trial court asked the State what it wanted to rebut through the rebuttal
witnesses.  The State responded that Bowes and Wright would rebut Sikes’s
methodology and conclusions and show why they are incorrect and not credible based
on Sikes’s own data.  The State asserted that Bowes and Wright did not do their
own appraisal but instead conducted a review of Sikes’s appraisal.  The State
said that Wright would address all of the land sales used by Sikes in
determining that the market value of the land was $45 per square foot and that
Wright would explain why none of these sales should have been used to calculate
the land value.  The State said that these witnesses had not talked to any of
the buyers and sellers and that they would not be testifying as to any facts. 
Rather, presuming the facts as stated by Sikes, Bowes and Wright would testify that
the sales used by Sikes did not reflect market value because these sales
“appear[] to suffer from influence or motivation on either the part of the
buyer or the seller such that either one is not considered a willing buyer or a
willing [seller].”  The trial court stated that this type of testimony should
be covered by the State’s expert, Fanning, who had not yet testified.  The
State responded that it had a right not only to have Fanning testify as to the
Compensation Issue but also to have other experts point out to the jury why the
landowner’s expert is not credible.

The trial court ruled that Bowes and Wright were
excluded from testifying and instructed the State to provide any documents that
it wanted included in its offer of proof to the court reporter.  The State gave
the court reporter various lengthy exhibits describing Bowes’s and Wright’s
opinions.  The following day, after Fanning testified but before the State
rested, the State again asked that it be allowed to call Bowes and Wright.  The
trial court said that it had not changed its ruling, and the court again
refused to allow the State to call these two witnesses.  

During the evidentiary
portion of the trial, the State attempted to call Bowes and Wright as expert
witnesses.  The State specified the purpose for their testimony and asserted
that this testimony was admissible because the State alleged it had a right to
call additional expert witnesses beyond Fanning to challenge the credibility
and reliability of Sikes’s analysis and opinions.  The trial court twice ruled
that it was excluding this testimony, and the State made the substance of this
testimony known to the trial court by an informal offer of proof and related
exhibits.  We conclude that the State preserved error as to its sole appellate issue. 
See Hunter v. NCNB Tex. Nat’l Bank, 857 S.W.2d 722, 727 (Tex.
App.—Houston [14th Dist.] 1993, writ denied).

B.                
Did the trial court abuse its discretion by excluding the
testimony of Bowes and Wright?

In its sole issue, the State asserts that the trial
court abused its discretion by excluding the testimony of Bowes and Wright.  The
State called this testimony “rebuttal testimony.”  But, because Gaylor had the
burden of proof, the State did not have a rebuttal case during which it could
call these witnesses.  Instead, the State sought to call these witnesses during
its case-in-chief to challenge the credibility and
reliability of Sikes’s analysis and opinions.[3]  As discussed above, as of
February 18, 2008, one week before the trial court
excluded this testimony, the trial court had limited each party to a
single expert witness, and the State had advanced the argument that the trial
court should allow Bowes and Wright to testify as “rebuttal witnesses” who
would find fault with Sikes’s opinions but not opine regarding the Compensation
Issue.  Though the trial court had not yet ruled on this argument, the trial
court stated that it was inclined to require these matters to be addressed in
Fanning’s testimony or in the State’s cross-examination of Sikes.[4]  The State
did not argue or prove that it was unable to have Fanning testify to these
matters.  On appeal, the State suggests that Fanning could not have testified to these matters because he had not
conducted a review of Sikes’s appraisal.  Presuming that such a review was
necessary, the State did not argue or show that Fanning could not have
conducted such a review in the week prior to trial court’s ruling on February
25, 2008, that Bowes and Wright could not testify.

If the trial court allowed the State to call three
experts at trial to testify to matters that could have been covered by a single
expert, then Gaylor likely would want to call three experts as well, and
fairness likely would require that Gaylor be allowed to call three experts.  It
is reasonable to conclude that a trial with six testifying experts would be
longer and more costly to the parties and the judicial system than the same
trial with two testifying experts.  Under Rule 611 of the Texas Rules of
Evidence, entitled, “Mode and Order of Interrogation and Presentation,” the
trial court “shall exercise reasonable control over the mode and order of
interrogating witnesses and presenting evidence so as to (1) make the
interrogation and presentation effective for the ascertainment of the truth, (2)
avoid needless consumption of time, and (3) protect witnesses from harassment
or undue embarrassment.”  Tex. R. Evid.
611(a).  Every trial court has the inherent power to control the disposition of
the cases on its docket “‘with economy of time and effort for itself, for
counsel, and for litigants.’”  Hoggett v. Brown, 971 S.W.d 472, 495
(Tex. App.—Houston [14th Dist.] 1997, pet. denied) (quoting Landis v. North
Am. Co., 299 U.S. 248, 254, 57 S.Ct. 163, 166, 81 L.Ed. 153(1936)).  “‘How
this can best be done calls for the exercise of judgment, which must weigh
competing interests and maintain an even balance.’”  Metzger v. Sebek,
892 S.W.2d 20, 38 (Tex. App.—Houston [1st Dist.] 1994, writ denied) (quoting Landis,
299 U.S. at 254–55, 57 S.Ct. at 166).  The trial court’s “inherent power,”
together with applicable rules of procedure and evidence, accord trial courts
broad, but not unfettered, discretion in handling trials.  Hoggett, 971
S.W.d at 495; Metzger, 892 S.W.2d at 38.    

The trial court had discretion to limit both sides to
one expert trial witness.  See TH Invests., Inc. v. Kirby Island Marine,
L.P., 218 S.W.3d 173, 191 n.20 (Tex. App.—Houston [14th Dist.] 2007, pet.
denied) (concluding that trial court had discretion to limit both parties to
one expert witness at trial); Paselk v. Rabun, 293 S.W.3d 600, 608–09
(Tex. App.—Texarkana 2009, pet. denied) (concluding that trial court had
discretion to manage its docket and to limit a party to one expert witness and
noting, in concluding that order was not a death-penalty sanction, that the
party had not shown that it needed more than one expert).  The trial court told
the State that it could challenge Sikes’s testimony during the testimony of
Fanning.  The State argued in the trial court and on appeal that, even if
Fanning could have addressed all of these matters in his testimony, the State
had the right to divide the topics for expert testimony among three experts.  The
State has cited no case holding that such a right overrides the trial court’s
broad discretion in managing the trial.  

The State relies on this court’s opinion in Hooper
v. Chittaluru.  See 222 S.W.3d 103 (Tex. App.—Houston [14th Dist.]
2006, pet. denied).  In Hooper, an expert retained by a
medical-malpractice defendant gave some testimony at his deposition that was
favorable to the plaintiffs.  See id. at 106–07.  The plaintiffs previously
had cross-designated the defendant’s expert, and the day after the deposition,
the plaintiffs supplemented their discovery responses to include references to
the favorable deposition testimony.  See id.  The trial court refused to
allow the plaintiffs to call the defendant’s expert as a witness at trial, and
therefore, the jury never heard the favorable testimony from the defendant’s
expert.  See id. at 107.  This court held that the trial court abused
its discretion by excluding this testimony.  See id. at 108–11.  In
doing so, this court rejected the argument that the expert’s testimony was
cumulative of the testimony of the plaintiffs’ expert.  See id. at
110–11.  The Hooper court stated that, even presuming that the plaintiffs’
expert gave testimony identical to the proffered testimony from the defendant’s
expert, the proffered testimony was not cumulative because it would have added
substantial weight to the plaintiffs’ case given that (1) the plaintiffs’
expert was retained by the plaintiffs and arguably might be biased in favor of
the plaintiffs, but the defendant’s expert was retained by the defendant; and
(2) the defendant’s expert had better qualifications on the matter in question because
he was a cardiologist and the plaintiffs’ expert was an internist.  See id. 
In the Hooper case, the trial court’s ruling was based on a conclusion
that (1) parties may not call an opposing party’s expert to testify at trial, (2)
the plaintiffs had not properly designed the defendant’s expert as a witness,
or (3) the plaintiffs did not timely disclose the opinions in question.  See
id. at 108–11.  The Hooper case did not involve a trial court’s exercise
of discretion in limiting each party to one expert witness.  See id.  We
conclude that Hooper is not on point.

The State also relies on this court’s opinion in In
re N.R.C.  See 94 S.W.3d 799 (Tex. App.—Houston [14th Dist.] 2002,
pet. denied).  This case involved a suit to terminate the parental rights of a
mother as to her two children, in which the trial court issued a sanctions
order barring the mother from calling any witnesses at trial other than
herself.  See id. at 803–04.  The trial court issued this sanction based
on the mother’s failure to obey the court’s order to pay $2,500 as security to
cover the ad litem’s fees.  See id. at 804.  This court held that the
trial court abused its discretion in issuing this sanction.  See id. at
808–13.  In enforcing this sanctions order, the trial court refused to allow
the mother to call three fact witnesses regarding the mother’s parenting skills
and whether termination of her parental rights was in the children’s best
interests.  See id. at 805–06.  The N.R.C. court stated that the
mere fact that another witness may have given the same or substantially similar
testimony does not make the testimony in question cumulative if the testimony
would have added substantial weight to the party’s case.  See id. at
807.  Noting the quasi-criminal nature of parental-termination cases and citing
a case from the Court of Criminal Appeals, the N.R.C. court stated that
the mother had the right to prove her case in the most persuasive manner
possible and that her defense might require several witnesses regarding the
children’s best interests.  See id. at 807 & n.3.  The N.R.C.
case did not involve a trial court’s exercise of discretion in limiting each
party to one expert witness.  See id. at 803–07.  We conclude that N.R.C.
is not on point.

The State asserts that Bowes and Wright were
well-qualified experts and that their proffered testimony was relevant,
reliable, non-cumulative, and would have assisted the jury in understanding the
evidence and making its determination.  Presuming for the sake of argument that
the foregoing is correct, the trial court still had discretion to limit both
sides to one expert trial witness.  The State has not argued or shown that Fanning
was unable to testify regarding the matters that the State wanted Bowes and
Wright to address.  After carefully considering the record, we conclude that
the trial court did not abuse its discretion in excluding the testimony of
Bowes and Wright.  See TH Invests., Inc., 218 S.W.3d at 191 n. 20; Paselk,
293 S.W.3d at 608–09.  Accordingly, we overrule the State’s sole issue.[5]

V.  Conclusion

The State preserved error as to the trial court’s
exclusion of the proffered testimony by experts Bowes and Wright.  The trial
court did not abuse its discretion in excluding this testimony.  Therefore, we
affirm the trial court’s judgment.

 

                                                                                    

                                                                        /s/        Kem
Thompson Frost

                                                                                    Justice

 

Panel consists of Justices Yates, Frost, and Brown.  









[1]  In the
affidavit, counsel stated the ruling occurred “[o]n or about” December 8,
2007.  But, in the motion, Gaylor stated that the ruling occurred “[o]n”
December 8, 2007, which was a Saturday.   On appeal, Gaylor asserts that the
ruling occurred at a hearing on December 10, 2007.





[2] According
to a notice of hearing in our record, Gaylor’s motion was set for hearing one
week before trial; however, our record does not contain a reporter’s record
from any hearing on this motion and does not contain any evidence of a ruling
on this motion.





[3] The State
actually first sought to introduce this evidence out of order during Gaylor’s
case-in-chief, but the trial court refused to allow the State to do so. 





[4] The State was allowed to cross-examine Sikes as much
as it wanted, with no time limit.  The State’s examination of Sikes consumes a
total of more than 190 pages in the reporter’s record.

 





[5] The trial
court also excluded Bowes as an expert witness because he is not licensed as an
appraiser in Texas, though he is licensed as an appraiser in Colorado.  We need
not and do not address this additional ground.