

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-08-00093-CV

_____

CAROL PASELK AND MYRLE REYNOLDS, Appellants

V.

DAVID AND PAT RABUN, Appellees

On Appeal from the 62nd Judicial District Court
Hopkins County, Texas
Trial Court No. CV36628

Before Morriss, C.J., Carter and Moseley, JJ.
Opinion by Justice Carter

OPINION

Carol Paselk, proceeding pro se,[1] appeals the final judgment awarding $100,000.00 in attorney's fees to David and Pat Rabun. Paselk and Reynolds filed suit August 23, 2005, against the Rabuns for negligence, nuisance, trespass, gross negligence, and negligence per se. Paselk and Reynolds alleged the dairy farm owned and operated by the Rabuns discharged approximately "90,000 gallons of thick, brown, sludgy toxic, dairy lagoon effluent" onto their horse ranch causing the death of numerous horses and significant property damage. The Rabuns denied the allegations and filed a cross-claim for attorney's fees under Section 251.004 of the Texas Agriculture Code. *See* TEX. AGRIC. CODE ANN. § 251.004 (Vernon 2004).

During the course of the litigation, Paselk and Reynolds violated several discovery orders. Eventually, the trial court issued an order limiting Paselk and Reynolds to a single expert witness and barring any recovery on undocumented horses.[2] Over two years after the filing of the lawsuit,

---

[1]Although Paselk and Myrle Reynolds were originally represented by counsel, their attorney withdrew from the case early in the proceedings and Paselk and Reynolds proceeded pro se for most of the litigation. The law is well settled that "[a] party proceeding pro se must comply with all applicable procedural rules" and is held to the same standards as a licensed attorney. *Weaver v. E-Z Mart Stores, Inc.*, 942 S.W.2d 167, 169 (Tex. App.—Texarkana 1997, no pet.). "On appeal, as at trial, the pro se appellant must properly present its case." *Strange v. Cont'l Cas. Co.*, 126 S.W.3d 676, 678 (Tex. App.—Dallas 2004, pet. denied). We review and evaluate pro se pleadings with liberality and patience, but otherwise apply the same standards applicable to pleadings drafted by lawyers. *Foster v. Williams*, 74 S.W.3d 200, 202 n.1 (Tex. App.—Texarkana 2002, pet. denied).

[2]The Rabuns had requested all expert witnesses be struck due to repeated violations of discovery orders by Paselk and Reynolds. The Rabuns had alternatively requested all claims be dismissed and monetary sanctions be awarded. Paselk had claimed the discovery requests were unreasonable.

2

the trial court granted a partial summary judgment in favor of the Rabuns on claims for loss of horses. After numerous continuances, the trial court ordered jury selection to begin May 19, 2008. On April 23, 2008, Paselk filed a document titled "Plaintiff's Motion For Dismissal Without Prejudice," which will be referred to as a nonsuit in the remainder of this opinion.[3] The Rabuns filed a motion to dismiss Reynolds' claims for want of prosecution which the trial court set for a hearing on May 19, 2008—the same day that jury selection was scheduled to begin.

When neither Paselk nor Reynolds appeared at the setting for jury selection, the Rabuns waived their right to a jury trial and the trial court conducted a bench trial on the counterclaim. The trial court dismissed Reynolds' claims for want of prosecution, signed a final judgment awarding $100,000.00 in attorney's fees to the Rabuns,[4] and severed the claims disposed of by partial summary judgment.[5] The severed claims were assigned a different cause number. Paselk filed, on June 18,

---

[3]A voluntary dismissal without prejudice requested by the plaintiff is normally referred to as a nonsuit. A plaintiff has an absolute right to take a nonsuit before resting its case against the defendant. TEX. R. CIV. P. 162. A nonsuit will not affect, however, a pending claim for affirmative relief, sanctions, or other costs. TEX. R. CIV. P. 96, 97(h), 162; *Villafani v. Trejo*, 251 S.W.3d 466, 469 (Tex. 2008). A nonsuit will also not disturb a court's prior judgment on the merits of a claim, including a partial summary judgment against the nonsuiting party. *Villafani*, 251 S.W.3d at 469.

[4]The Rabuns had requested an award of $111,844.46.

[5]Paselk does not challenge the timing of this severance. Any error in severing a claim after the case has been submitted on its merits has not been assigned for our review. *Pat Baker Co. v. Wilson*, 971 S.W.2d 447, 450 (Tex. 1998) (appellate courts are prohibited from addressing unassigned error in civil cases).

2008, a motion for new trial and a motion to reinstate the dismissed claims.[6]  The trial court held a hearing on the motions August 1, 2008.  The motions were overruled by operation of law August 2, 2008.[7]  *See* TEX. R. CIV. P. 329b(c).  On August 18, 2008, Paselk filed a notice of appeal.[8]

On appeal, Paselk and Reynolds raise six points of error.  We will first address the jurisdictional issues presented by this case.  Because Reynolds failed to file a notice of appeal, this court lacks jurisdiction over Reynolds.  However, we do have jurisdiction over the partial summary judgment which was severed from this case because Paselk's notice of appeal was a bona fide attempt to appeal the severed case.  We conclude the trial court did not err in granting the partial summary judgment and did not err in failing to give Paselk notice before signing the dismissal based

---

[6]Among other documents, Paselk attached to her motion for new trial an unauthenticated copy of an administrative complaint issued by the Environmental Protection Agency (EPA) alleging the Rabuns had violated the Clean Water Act.

[7]In addition, the trial court signed an order denying both motions August 26, 2008.

[8]We note Paselk's notice of appeal specifies that it is a restricted appeal.  To prevail on a direct attack on a judgment by a restricted appeal, an appellant must establish that:

> (1) [he or she] filed notice of the restricted appeal within six months after the judgment was signed; (2) [he or she] was a party to the underlying lawsuit; (3) [he or she] did not participate in the hearing that resulted in the judgment complained of and did not timely file any postjudgment motions or requests for findings of fact and conclusions of law; and (4) error is apparent on the face of the record.

*Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 848 (Tex. 2004); *see also* TEX. R. APP. P. 26.1(c), 30.  Because Paselk timely filed a motion for new trial, Paselk may not pursue a restricted appeal. TEX. R. APP. P. 30; *see In re Estate of Head*, 165 S.W.3d 897, 902 (Tex. App.—Texarkana 2005, no pet.).  We will construe Paselk's notice of appeal as an ordinary notice of appeal.

4

on her nonsuit. Finally, Paselk has failed to show the trial court committed reversible error in signing the final judgment in favor of the Rabuns. We dismiss Reynolds' appeal for want of jurisdiction and affirm the judgment of the trial court.

## I. This Court Lacks Jurisdiction Over Reynolds

The Rabuns argue that this Court lacks jurisdiction over Reynolds because Reynolds failed to file a notice of appeal. We agree. While the notice of appeal purports to appeal Reynolds' claims as well as Paselk's claims, the notice was only signed by Paselk. Although a layperson has the right to represent themselves, a layperson does not have the right to represent others. *Jimison by Parker v. Mann*, 957 S.W.2d 860, 861 (Tex. App.—Amarillo 1997, no pet.). While Paselk could represent herself pro se, Paselk could not act as an attorney for Reynolds. Paselk had no authority to file a notice of appeal on Reynolds' behalf. Therefore, the record contains no notice of appeal filed by Reynolds. This Court lacks jurisdiction over Reynolds. We dismiss Reynolds' appeal for want of jurisdiction.

## II. Paselk's Notice of Appeal Was a Bona Fide Attempt to Appeal the Severed Claims

At various locations in her brief, Paselk complains about the partial summary judgment. The Rabuns argue the partial summary judgment cannot be appealed because the partial summary judgment was severed, and Paselk failed to file a separate notice of appeal. When the partial summary judgment was severed it was assigned the separate cause number of CV36628A. Paselk's

5

notice of appeal, filed on August 18, 2008, specifically states she is appealing from the original cause number of CV36628.

The Texas Supreme Court has held that alleging an "incorrect cause number on its notice of appeal does not defeat the jurisdiction of the court of appeals" if the instrument is a bona fide attempt to invoke appellate court jurisdiction. *San Antonio v. Rodriguez*, 828 S.W.2d 417, 418 (Tex. 1992). The notice of appeal specifically provides Paselk was attempting to appeal the "Order Granting Defendant's Motion To Sever signed May 19, 2008." We conclude the notice of appeal in this case was a bona fide attempt to invoke our jurisdiction over the partial summary judgment that had been severed.

We note that the motion for new trial—which extended the appellate deadline—was only filed under the original cause number rather than the severed cause number. In *Philbrook v. Berry*, the Texas Supreme Court held that a motion for new trial which was filed in the wrong cause number "did not operate to extend the court's plenary power over its judgment beyond the thirty days." 683 S.W.2d 378, 379 (Tex. 1985). While the Texas Supreme Court has yet to explicitly overrule *Philbrook*, "the Texas Supreme Court has all but expressly overruled the decision." *Leal v. City of Rosenberg*, 17 S.W.3d 385, 386 (Tex. App.—Amarillo 2000, no pet.) (concluding motion for new trial filed in wrong cause number extended appellate deadlines); *McRoberts v. Ryals*, 863 S.W.2d 450, 454–55 (Tex. 1993) (distinguishing *Philbrook* when severed cause was never assigned cause number because counsel "faced the impossible dilemma of having to timely file his motion for new

6

trial under a nonexistent cause number"); *see Rodriguez*, 828 S.W.2d at 418 (incorrectly transcribed cause number does not deprive court of appeals of jurisdiction if it "is a bona fide attempt to invoke appellate jurisdiction").

In *Blankenship v. Robins*, 878 S.W.2d 138, 138–39 (Tex. 1994), the motion for new trial was filed in the severed cause number rather than the original. A response was filed in the severed cause number and the trial court docketed the motion for new trial in the severed cause number. *Id*. The court, citing *Mueller v. Saravia*, 826 S.W.2d 608, 609 (Tex. 1992), held that a motion for new trial in the wrong cause number is sufficient when both the parties and the court ignore the severance. *Id*. In this case, the motion for new trial complained, among other things, that the trial court "erred in granting the motion for summary judgment" because fact issues existed and there had been insufficient time for discovery. The response was filed in the original cause number and the order setting the motion for a hearing was filed in the same original cause number.

Further, this is not a case where the cause numbers would create confusion concerning which judgment the party was attempting to appeal. *See Rainbow Group, Ltd. v. Wagoner*, 219 S.W.3d 485, 492 (Tex. App.—Austin 2007, no pet.) (explaining *Rodriguez* as "comparing notices of appeal in two different cases, court contrasted one notice's typographical error in cause number of isolated case, which was amendable defect, with another notice's citation of wrong cause number in case that had multiple cause numbers involving same parties, which was not amendable because mistake created confusion as to which judgment party sought to appeal"). The notice of appeal specifically

7

provides Paselk was attempting to appeal the "Order Granting Defendant's Motion To Sever signed May 19, 2008." We conclude that the motion for new trial extended the appellate deadline despite being filed in the wrong cause number and that we have jurisdiction over the severed partial summary judgment.

## III.    The Trial Court Did Not Err in Granting a Partial Summary Judgment

Paselk complains about various orders in her third, fourth, fifth, and sixth points of error. Paselk argues the trial court abused its discretion in limiting her to one expert witness, in granting the partial summary judgment, in barring recovery for horses on which she could not produce documentary evidence of ownership, and in striking expert witnesses designated after being limited to one witness. Paselk claims the trial court erred in granting the partial summary judgment because fact issues existed and the case had not ripened for determination. Because the trial court's ruling on the partial summary judgment survived Paselk's nonsuit,[9] the nonsuit did not render moot the

---

[9]A nonsuit will not disturb a court's prior judgment on the merits of a claim, including a partial summary judgment against the nonsuiting party. *Villafani*, 251 S.W.3d at 469. To the extent Paselk's complaints relate to her causes of action which were not disposed of in the partial summary judgment, any complaint is moot. Paselk filed a nonsuit concerning all her causes of action not disposed of in the partial summary judgment. A nonsuit has the effect of vitiating earlier interlocutory orders and rendering moot any issues related to those orders. *See id.* ("One unique effect of a nonsuit is that it can vitiate certain interlocutory orders, rendering them moot and unappealable."); *Univ. of Tex. Med. Branch at Galveston v. Blackmon*, 195 S.W.3d 98, 101 (Tex. 2006) (nonsuit has effect of "rendering the merits of the case moot"); *In re Bennett*, 960 S.W.2d 35, 38 (Tex. 1997). Thus—to the extent Paselk complains about the trial court's interlocutory orders concerning the causes of action voluntarily dismissed by her nonsuit—her complaints are moot.

claims as they relate to the partial summary judgment. As such, we will address Paselk's complaints as they relate to the partial summary judgment.

### A. The Trial Court's Order Limiting Paselk to One Expert Witness

Paselk argues the order restricting her to a single expert witness constitutes a death penalty sanction. A trial court has discretion to impose sanctions for discovery abuses under Rule 215 of the Texas Rules of Civil Procedure. TEX. R. CIV. P. 215. We review the imposition of sanctions for an abuse of discretion. *Koslow's v. Mackie*, 796 S.W.2d 700, 704 (Tex. 1990); *Bodnow Corp. v. City of Hondo*, 721 S.W.2d 839, 840 (Tex. 1986). A trial court abuses its discretion if it acts in an arbitrary or unreasonable manner without reference to any guiding rules or principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985). Under an abuse of discretion review, we are not free to substitute our own judgment for the county court's judgment. *Bowie Mem'l Hosp. v. Wright*, 79 S.W.3d 48, 52 (Tex. 2002).

"A death-penalty sanction adjudicates a party's claims without regard to their merits and is based on the party's conduct during discovery." *State v. Bristol Hotel Asset Co.*, 65 S.W.3d 638, 647 (Tex. 2001). If the order is a death penalty sanction, the trial court may have erred by not first imposing lesser sanctions. "Death penalty" sanctions may be imposed as an initial sanction only in exceptional cases in which lesser sanctions would not promote compliance. *GTE Commc'ns Sys. Co. v. Tanner*, 856 S.W.2d 725, 729 (Tex. 1993); *cf. Cire v. Cummings*, 134 S.W.3d 835, 843 (Tex. 2004) (death penalty sanctions appropriate in "exceptional case where the only objective evidence

9

that would have supported or disproved Cummings's claims was deliberately destroyed"). Generally, courts must impose—not just consider—lesser sanctions before resorting to the "death penalty." *TransAmerican Natural Gas Corp. v. Powell*, 811 S.W.2d 913, 918 (Tex. 1991) ("if a party refuses to produce material evidence, despite the imposition of lesser sanctions, the court may presume that an asserted claim or defense lacks merit and dispose of it"); *see Hamill v. Level*, 917 S.W.2d 15, 16 n.1 (Tex. 1996).

The original deadline to designate witnesses was September 22, 2006, and the original deadline for all discovery to be completed was December 15, 2006. During a hearing on March 23, 2007, the trial court asked Paselk how many expert witnesses she had. Paselk responded that she only had one expert witness. The trial court granted a thirty-day extension to conduct a deposition of Paselk's expert. On April 20, 2007, the trial court signed an order limiting Paselk to one witness and ordering the deposition be conducted by April 23, 2007. Based on Paselk's statement, the trial court may have entered this order in an attempt at docket management. *See Clanton v. Clark*, 639 S.W.2d 929, 931 (Tex. 1982) ("The trial court has a duty to schedule its cases in such a manner as to expeditiously dispose of them. For this reason the court is given wide discretion in managing its docket . . . ."). Assuming the order was a sanction, we are not convinced it was a death penalty sanction.

The order in this case is not clearly a death penalty sanction. Paselk has failed to direct this Court to any cases holding an order limiting a party to a single expert witness constitutes a death

10

penalty sanction. The trial court did not deny all use of expert witnesses. *See Smith v. Nguyen*, 855 S.W.2d 263, 265 (Tex. App.—Houston [14th Dist.] 1993, writ denied) (concluding limiting all expert witnesses in medical malpractice case was death penalty sanction). The trial court, rather, limited Paselk to the single expert witness she had managed to secure six months after the deadline to designate witnesses. While certain sanctions such as striking a party's pleadings are clearly death penalty sanctions, other sanctions, such as the one at issue, are only outcome determinative under a narrow set of facts. Even monetary sanctions can be outcome determinative under certain circumstances. In *Braden v. Downey*, 811 S.W.2d 922, 929 (Tex. 1991), the Texas Supreme Court concluded the monetary sanctions assessed in that case were death penalty sanctions. However, cases dealing with monetary sanctions suggest that evidence must be heard in order to establish whether the sanctions are indeed outcome determinative. *See Chrysler Corp. v. Blackmon*, 841 S.W.2d 844, 850 (Tex. 1992) (noting "findings must be pertinent to the *Transamerican* standards and supported by the record").

A single expert witness may prove adequate in many cases, but some cases will require more than one expert for the plaintiff to fully present his or her case. Whether an order limiting a party to a single expert is an outcome determinative sanction requires evidence to be presented concerning whether the case could be proven through a single expert. Paselk never attempted to present any evidence to the trial court that she could not prove her case with only one witness.[10] Paselk merely

---

[10]We note there are no written findings that the sanction is not a death penalty sanction. The Texas Supreme Court has specifically held not all sanctions require the trial court to issue written

11

alleged she needed more than one expert witness. Given that the record fails to contain any evidence that more than one expert witness was necessary, we are unwilling to conclude the order was a death penalty sanction.

Since the record does not support the conclusion that the order was a death penalty sanction, the next question is whether the order was an abuse of discretion. In *TransAmerican Natural Gas Corp. v. Powell*, the Texas Supreme Court held that discovery sanctions must be measured by two overarching standards: "First, a direct relationship must exist between the offensive conduct and the sanction imposed. . . . Second, just sanctions must not be excessive. . . . A sanction imposed for discovery abuse should be no more severe than necessary to satisfy its legitimate purpose." 811 S.W.2d at 917. A discovery abuse sanction should be only as severe as necessary to achieve its legitimate purpose. *Id.* After reviewing the record we are unwilling to conclude the trial court abused its discretion. Paselk's third point of error is overruled.

**B.** **The Trial Court Did Not Abuse Its Discretion in Striking Paselk's Untimely Attempt to Designate Additional Expert Witnesses**

On September 21, 2007—a year after the original deadline to designate expert witnesses and almost five months after the trial court's order limiting her to one witness—Paselk filed a supplemental response that attempted to designate additional expert witnesses. On January 25, 2008, the trial court signed an order striking Paselk's attempt to designate additional expert witnesses. The agreed docket control order originally specified Paselk must designate her witnesses by

findings. *Blackmon*, 841 S.W.2d at 852.

September 22, 2006, and the case would be tried on January 24, 2007. The attempted designation was over a year after the original deadline and over two years after the filing of the suit. Paselk has not directed this Court to any extension of the deadline which would have permitted the designation. Although Paselk obtained a continuance, this case had already been set for trial. Under Rule 193.6 of the Texas Rules of Civil Procedure, the burden of establishing good cause or the lack of unfair surprise or unfair prejudice is on the party seeking to call the witness. TEX. R. CIV. P. 193.6; *Harris County v. Inter Nos, Ltd.*, 199 S.W.3d 363, 368 (Tex. App.—Houston [1st Dist.] 2006, no pet.); *see Gee v. Liberty Mut. Fire Ins. Co.*, 765 S.W.2d 394, 395 (Tex. 1989) (analyzing former rule). Paselk made no attempt to show good cause for the untimely designation. The trial court did not abuse its discretion in finding Paselk failed to show good cause. *See Ersek v. Davis & Davis, P.C.*, 69 S.W.3d 268, 271 (Tex. App.—Austin 2002, pet. denied) (no abuse of discretion in concluding appellant did not establish good cause by failing for more than one year to designate expert witness to support his cause of action). Paselk's fifth point of error is overruled.

### C.     The Trial Court Did Not Err in Refusing to Wait for Administrative Agencies to Act

Throughout the proceedings, Paselk requested numerous continuances and admitted she was attempting to delay the resolution of this case until the EPA or the Texas Commission on Environmental Quality acted. On appeal, Paselk claims the trial court erred by not postponing resolution of this case until after the EPA concluded its investigation and issued findings. Paselk fails to cite any authority for her argument, and it could be overruled as inadequately briefed. TEX.

13

R. App. P. 38.1(h). We are not aware of any authority that grants the EPA exclusive or primary jurisdiction over an individual's common-law tort claims. *See Subaru of Am. v. David McDavid Nissan, Inc.*, 84 S.W.3d 212, 220 (Tex. 2002) (discussing differences between exclusive and primary jurisdiction doctrines). Nor are we aware of any authority that requires a court to abate a case involving common-law tort claims until an administrative agency concludes its investigation into regulatory violations. Paselk's sixth point of error is overruled.

### D. Paselk Failed to Produce More than a Scintilla of Competent Evidence

Paselk claims the trial court erred in granting the Rabuns' motion for partial summary judgment. The Rabuns argue Paselk's response "included no competent, summary judgment evidence to show the causal connection between the death of any livestock, the loss of foals or the failure of livestock to bear future foals, that was proximately caused by an act or omission of Defendants." We agree. Paselk failed to present more than a scintilla of competent evidence that the Rabuns' acts or omissions were the proximate cause of the death of horses owned by Paselk.

A nonmovant will defeat a no-evidence summary judgment motion if the nonmovant presents more than a scintilla of probative evidence on each element of his or her claim. *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003); *Jackson v. Fiesta Mart, Inc.*, 979 S.W.2d 68, 70–71 (Tex. App.—Austin 1998, no pet.). More than a scintilla of evidence exists when the evidence "rises to a level that would enable reasonable and fair-minded people to differ in their conclusions." *Merrell Dow Pharms., Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex. 1997).

14

In a summary judgment hearing, the trial court's decision is based upon written pleadings and written evidence rather than live testimony. *See* TEX. R. CIV. P. 166a(c). "To constitute competent summary judgment evidence, affidavits must be made on personal knowledge, setting forth such facts as would be admissible in evidence, and must affirmatively show that the affiant is competent to testify to matters stated therein." *Patrick v. McGowan*, 104 S.W.3d 219, 222 (Tex. App.—Texarkana 2003, no pet.); *see* TEX. R. CIV. P. 166a(f); *United Blood Servs. v. Longoria*, 938 S.W.2d 29, 30 (Tex. 1997). Conclusory statements, not supported by factual allegations, are insufficient to support summary judgment. *Anderson v. Snider*, 808 S.W.2d 54, 55 (Tex. 1991). Conclusions of the affiant that have no factual support are insufficient to raise an issue of fact, and hearsay statements contained in affidavits are not competent to serve as summary judgment evidence. *Alford v. Thornburg*, 113 S.W.3d 575, 585 (Tex. App.—Texarkana 2003, no pet.).

Although Paselk attached hundreds of pages of photographs, correspondence, and other documents to her response, she has failed to direct us to where among the volumes of information there is competent summary judgment evidence. Merely attaching unauthenticated documents and photographs to a response does not make the attachments competent summary judgment evidence. Our own review of the record has not discovered more than a scintilla of competent summary judgment evidence that an act or omission of the Rabuns was the proximate cause of the death of horses owned by Paselk. The law is well settled that "[a] party proceeding pro se must comply with all applicable procedural rules" and is held to the same standards as a licensed attorney. *Weaver*, 942

15

S.W.2d at 169. Although the unauthenticated attachments to the response suggest that Paselk has suffered serious harm due to the Rabuns' actions, the overwhelming majority of the attachments are not competent summary judgment evidence. As argued by the Rabuns, Paselk's summary judgment evidence appears to consist almost entirely of unsworn opinions and incompetent summary judgment evidence which this Court cannot consider. There is less than a scintilla of competent summary judgment evidence establishing that the Rabuns discharged dairy lagoon effluent onto Paselk's land and that effluent proximately caused the death of horses owned by Paselk. The trial court did not err in granting the Rabuns a partial summary judgment.

**E.      It Is Not Necessary to Address Whether the Trial Court Erred in Barring Recovery for Undocumented Animals**

Paselk's last complaint is that the trial court abused its discretion by barring recovery for a number of horses on which Paselk was unable to produce proof of ownership. On July 11, 2007, the trial court entered an order which recited that a hearing had been conducted May 25, 2007 , concurrently with another case in which Paselk was a defendant, which also apparently involved Paselk's horses. As a result, the trial court signed an order barring Paselk from recovering damages on horses for which she could not produce some documentation establishing ownership of the animals for which she sought recovery. Paselk argues that it is not uncommon for horses not to be registered by their owners and it is clear that such horses still have value. As noted above, Paselk failed to produce any competent probative evidence on causation. Since Paselk failed to prove the actions of the Rabuns proximately caused the death of the horses, the order complained of had no

practical effect on the outcome of the trial. As such, it is not necessary for us to address whether this order was an abuse of discretion. Paselk's fourth point of error is overruled.

**IV.  The Trial Court Did Not Err in Signing the Voluntary Dismissal Order Without Written Notice**

Paselk argues, in her second point of error, that the trial court erred in granting her nonsuit without written notice of a hearing. A nonsuit is effective upon filing; the order dismissing the suit—while the "starting point for determining when a trial court's plenary power expires"—is purely a ministerial act. *Blackmon*, 195 S.W.3d at 100 (quoting *Shadowbrook Apts. v. Abu-Ahmad*, 783 S.W.2d 210, 211 (Tex. 1990)). Because the act of signing the order dismissing Paselk's claims was purely ministerial, there is no requirement that written notice be provided or that a hearing be held. The trial court did not err in failing to provide Paselk notice of signing the order dismissing her claims at her request. We overrule Paselk's second point of error.

**V.  Whether Fact Issues Exist Is Irrelevant When a Case Proceeds to Trial**

The majority of Paselk's argument in her first point of error asserts the trial court erred in granting a judgment in favor of the Rabuns on their counterclaim because genuine issues of material fact exist.[11] When a nuisance action is brought against a lawful agricultural operation more than one

---

[11]Paselk has not challenged the competency or sufficiency of the Rabuns' testimony on appeal, but merely argues there are genuine issues of material fact. Even liberally construed, Paselk's argument cannot be interpreted as challenging the competency or sufficiency of the Rabuns' testimony, and Paselk does not cite any standards other than the standard for reviewing summary judgments. We are prohibited in civil cases from addressing unassigned error, i.e., a ground not presented in the appellate briefs. *Wilson*, 971 S.W.2d at 450; *Wal-Mart Stores, Inc. v. Kelley*, 103 S.W.3d 642, 645 (Tex. App.—Fort Worth 2003, no pet.).

17

year after the commencement of the conditions or circumstances providing the basis for that action, Section 251.004(a) permits a defendant to recover all costs of defense, including attorney's fees, incurred in defense of the nuisance action. *Holubec v. Brandenberger*, 111 S.W.3d 32, 38 (Tex. 2003) (discussing legislative intent); *see* TEX. AGRIC. CODE ANN. § 251.004. Paselk argues the summary judgment evidence establishes the operation at issue—the discharge of dairy effluent—was not a continuing operation, the discharge was in violation of a statute or regulation, and suit was brought within a year. The existence of genuine issues of material fact will defeat a traditional motion for summary judgment. *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548–49 (Tex. 1985). The final judgment in this case, though, is not a summary judgment but rather a judgment following a bench trial on the merits.

This case proceeded to a trial on the merits. Whether the summary judgment evidence refutes Rabun's testimony at trial is not relevant to this appeal. In order to be considered on an appeal from a trial on the merits, summary judgment evidence must have been introduced and admitted during the trial on the merits. *See Noble Exploration, Inc. v. Nixon Drilling Co., Inc.*, 794 S.W.2d 589, 592 (Tex. App.—Austin 1990, no writ); *Wright v. Gifford-Hill & Co.*, 736 S.W.2d 828, 835 n.2 (Tex. App.—Waco 1987, writ ref'd n.r.e.). Since none of the summary judgment evidence was offered or admitted as evidence at trial, we cannot consider the summary judgment evidence in our review. The only evidence in the record is the testimony by David Rabun that the elements of Section 251.004

were met.[12]  No contrary evidence was introduced at the bench trial.  The existence of genuine issues of material fact is irrelevant when a case proceeds to trial because at that time, the trial court resolves any conflicting evidence in determining the judgment.

Paselk also argues in her first point of error that the trial court erred in denying her motion to reinstate, in denying her motion for new trial, and violated her due process rights.  The entire argument concerning these points of error is as follows:

> The trial court further abused its discretion in not deciding in favor of Appellants Motion For New Trial, Motion To Reinstate, and Motion to Modify The Judgment -- at which time copies of the US EPA complaint action filed June 17, 2008 against the Rabuns were presented to the court -- when the court took the Motions under advisement and allowed this case to simply close by operation of law unless Appellant filed a Notice of Appeal.  The trial court abused its discretion in violating Appellants right to "fundamental fairness" in procedural due process of law, under the Fourteenth Amendment of the United States Constitution, and denied Appellant the right to due process guaranteed by the Texas Constitution, Article I, Section 19.

An issue or point of error addressing more than one specific ground of error is multifarious.  *Shull v. United Parcel Serv.*, 4 S.W.3d 46, 51 (Tex. App.—San Antonio 1999, pet. denied).  An appellate court has discretion to refuse to address a multifarious issue.  *Id*.  Further, Paselk has failed to cite any authority in support of these arguments.  We review and evaluate pro se pleadings with liberality and patience, but otherwise apply the same standards applicable to pleadings drafted by lawyers.

---

[12]Paselk has attached several documents to her appellate briefs which are not contained in the record.  We cannot consider documents, that are not part of the record, attached as appendices to briefs. *WorldPeace v. Comm'n for Lawyer Discipline*, 183 S.W.3d 451, 465 n.23 (Tex. App.—Houston [14th Dist.] 2005, pet. denied).

*Foster v. Williams*, 74 S.W.3d 200, 202 n.1 (Tex. App.—Texarkana 2002, pet. denied). The Texas Rules of Appellate Procedure require an appellant's brief to contain "a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." TEX. R. APP. P. 38.1(h). It is not the proper role of this Court to create arguments for an appellant—we will not do the job of the advocate. *See Maranatha Temple, Inc. v. Enter. Prods. Co.*, 893 S.W.2d 92, 106 (Tex. App.—Houston [1st Dist.] 1994, writ denied). To the extent Paselk's first point of error complains about the trial court refusing to reinstate the dismissed claims, refusing to grant a new trial on the Rabuns' counterclaim, or violating Paselk's right to due process, these arguments are overruled as multifarious and inadequately briefed.

We overrule Paselk's first point of error.

## VI.    Conclusion

This case illustrates the dangers of proceeding pro se — particularly in complex environmental litigation. For the reasons stated, we dismiss Reynolds' appeal for want of jurisdiction and otherwise affirm the judgment of the trial court.


Jack Carter
Justice


Date Submitted:      April 29, 2009
Date Decided:       June 16, 2009