



## MEMORANDUM OPINION

No. 04-11-00276-CV

Robert Lee **CLARK**,
Appellant

v.

**BRISTOL WEST INSURANCE SERVICES OF TEXAS, INC.**,
Appellee

From the County Court at Law No. 7, Bexar County, Texas
Trial Court No. 341523
Honorable David J. Rodriguez, Judge Presiding

Opinion by:  Marialyn Barnard, Justice

Sitting:  Catherine Stone, Chief Justice (concurring in the judgment only)
Karen Angelini, Justice
Marialyn Barnard, Justice

Delivered and Filed:  September 26, 2012

AFFIRMED

Appellant Robert Lee Clark, who appears in this court pro se, brought suit against appellee Bristol West Insurance Services of Texas, Inc. ("Bristol West"), alleging claims for breach of contract and violations of the Texas Deceptive Trade Practices Act ("DTPA") and the Texas Insurance Code.  Bristol West filed a no evidence motion for summary judgment, which the trial court granted.  We affirm the trial court's judgment.

**BACKGROUND**

Clark has a personal automobile insurance policy through Bristol West.  During the time the policy was in effect, Clark's pickup truck was struck by another vehicle in Massachusetts.  Clark made a claim under the policy for property damage to the truck.

The truck was taken to Woodworth Chevrolet in Massachusetts for repairs.  Although Clark now contends he did not authorize the repairs, Clark conceded in his First Amended Petition that he authorized the repairs.  Bristol West initially tendered $5,942.63 to Clark and Woodworth Chevrolet for the repairs, and Woodworth Chevrolet began making repairs.  Soon thereafter, Woodworth Chevrolet advised that additional repairs were needed, so Bristol West tendered another $1,850.15.

After the body work was completed, Clark had concerns about the frame of the truck, believing it was not properly repaired.  Based on Clark's concerns, the truck was sent to a second body shop for evaluation and any necessary additional repairs.  Despite this, after Clark picked up the truck to return to Texas, it became apparent there was still a problem with the truck's frame.  Upon return to Texas, Clark took the truck to a third body shop, which determined the repairs made by the shops in Massachusetts were cosmetic, affecting only the appearance of the truck without actually repairing the damage to the frame.  The Texas body shop concluded the frame would have to be replaced as a result of the faulty workmanship.  Thereafter, Bristol West concluded the truck was a total loss, but contended it was not covered by Clark's policy because the damage resulted from negligent repairs by one or both of the Massachusetts repair shops, rather than the automobile accident.

After Bristol West informed Clark that the total loss of the truck was not covered by the policy, Clark filed suit against Bristol West for breach of contract and violations of the DTPA

and the Texas Insurance Code. Ultimately, Bristol West filed a no evidence motion for summary judgment, asserting there was no evidence of an essential element of each of Clark's claims. Clark filed a response, but there was no summary judgment evidence attached to the response. The trial court granted Bristol West's no evidence motion for summary judgment, and Clark thereafter perfected this appeal.

## ANALYSIS

We begin by holding that Clark has failed to present anything for our review due to inadequate briefing. Pro se litigants are held to the same standards as licensed attorneys and must comply with the applicable rules of procedure. *Paself v. Rabun*, 293 S.W.3d 600, 611 (Tex. App.—Texarkana 2009, pet. denied); *Valadez v. Avitia*, 238 S.W.3d 843, 845 (Tex. App.—El Paso 2007, no pet.); *Shull v. United Parcel Serv.*, 4 S.W.3d 46, 52–53 (Tex. App.—San Antonio 1999, pet. denied). A pro se litigant must properly present her case on appeal, that is, in accordance with the mandates of the Texas Rules of Appellate Procedure. *Valadez*, 238 S.W.3d at 845. If held otherwise, pro se litigants would have an unfair advantage over those represented by counsel. *Id.*; *Shull*, 4 S.W.3d at 53.

The Texas Rules of Appellate Procedure govern the required contents and organization for an appellant's brief. *See* TEX. R. APP. P. 38.1. Clark's brief fails to meet the basic requirements of Rule 38.1, as it contains no record citations, no citation to legal authority, and no substantive, legal argument. *See* TEX. R. APP. P. 38.1(i). Accordingly, Clark's "issues" are overruled due to inadequate briefing.

However, even if we were to review the no evidence motion for summary judgment for substance, we would affirm the summary judgment in favor of Bristol West. A no evidence motion for summary judgment under rule 166a(i) is essentially a motion for a pretrial directed

verdict.  *See* TEX. R. CIV. P. 166a(i); *Timpte Indus., Inc. v. Gish*, 286 S.W.3d 306, 310 (Tex. 2009).  After an adequate time for discovery, a party without the burden of proof may, without presenting evidence, seek summary judgment on the ground that there is no evidence to support one or more essential elements of the nonmovant's claims.  TEX. R. CIV. P. 166a(i); *All Am. Tel., Inc. v. USLD Commc'ns*, 291 S.W.3d 518, 526 (Tex. App.—Fort Worth 2009, pet. denied).  The motion must specifically state the elements for which there is no evidence.  *Id.*  The trial court is required to grant the motion unless the nonmovant produces more than a scintilla of summary judgment evidence that raises a genuine issue of material fact.  *Id.*  More than a scintilla of evidence exists when the evidence "rises to a level that would enable reasonable and fair-minded people to differ in their conclusions."  *Merrell Dow Pharms., Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex. 1997).

We have reviewed Bristol West's no evidence motion for summary judgment and hold it meets the requirements of Rule 166a(i) in that it asserts there is no evidence of a specific element of each of Clark's causes of action.  Thus, Clark was required to produce more than a scintilla of summary judgment evidence to raise a genuine issue of material fact on each of the challenged elements.  Clark failed to meet his burden because although he filed a response to the motion, he did not attach any supporting summary judgment evidence.  A nonmovant "must produce summary judgment evidence raising a genuine issue of material fact to defeat" a no evidence motion for summary judgment.  *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004).  Given Clark's failure to attach any summary judgment evidence to his response, we hold the trial court properly granted Bristol West's no evidence motion for summary judgment.  *See* TEX. R. CIV. P. 166a(i).

## CONCLUSION

Clark failed to properly brief this matter, and therefore has presented nothing for our review.  However, even if he had properly challenged the no evidence motion for summary judgment in favor of Bristol West, we would still affirm the trial court's judgment because Clark failed to produce any summary judgment evidence in response.  Accordingly, we affirm the trial court's judgment.

Marialyn Barnard, Justice