**Dismissed and Memorandum Opinion filed March 21, 2013.**



In The

# Fourteenth Court of Appeals

## NO. 14-12-01165-CV

**TIAN JIA, Appellant**

**V.**

**HUA XU, Appellee**

**On Appeal from the 189th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2010-79571**

# M E M O R A N D U M   O P I N I O N

Appellant Tian Jia filed a *pro se* notice of appeal on December 26, 2012, in an attempt to appeal from an interlocutory consolidation order signed by the trial court on December 14, 2012.[1] We lack jurisdiction over this attempted appeal.

Appellate jurisdiction is never presumed and issues related to our

---

[1] David K. Lam is also a defendant below, but he did not sign the notice of appeal and is not a party to this appeal. *See* Tex. R. App. P. 9.1(b) ("A party not represented by counsel must sign any document that the party files. . . ."). Tian Jia, who is not represented by counsel, may not appeal on behalf of another person. *See Paselk v. Rabun*, 293 S.W.3d 600, 605 (Tex. App.—Texarkana 2009, no pet.).

jurisdiction over an appeal may be raised on our own motion at any time. *M.O. Dental Lab v. Rape*, 139 S.W.3d 671, 673 (Tex. 2004). Appellate courts generally have jurisdiction over final judgments and such interlocutory orders as the Legislature deems appealable by statute. See Tex.Civ. Prac. & Rem. Code §§ 51.012, 51.014. There is no general statutory authority for an interlocutory appeal from a consolidation order.

Under section 51.014(d) of the Civil Practice and Remedies Code, a trial court may, by written order, permit an appeal from an order that is not otherwise appealable, under certain conditions. The current version of Section 51.014(d) and the related Texas Rule of Appellate Procedure 28.3 apply only to cases filed in the trial court on or after September 1, 2011. *See* Act eff. Sept. 1, 2011, 82nd Leg., ch. 203, § 6.01; Tex. R. App. P. 28.3 cmt. An action commenced before the effective date of the amendment is governed by the prior law. *Id.* This action was filed December 7, 2010.

> The pre-amendment version of section 51.014(d) provided:
>
> A district court, county court at law, or county court may issue a written order for interlocutory appeal in a civil action not otherwise appealable under this section if:
>
> (1) the parties agree that the order involves a controlling question of law as to which there is a substantial ground for difference of opinion;
>
> (2) an immediate appeal from the order may materially advance the ultimate termination of the litigation; and
>
> (3) the parties agree to the order.

Act of June 18, 2005, 79th Leg., ch. 1051.

The record filed with this court does not contain an order granting an interlocutory appeal. There also is no indication that the parties have agreed to an interlocutory appeal or that such an appeal satisfies the statutory prerequisites.

On January 25, 2013, notification was transmitted to all parties of the court's intention to dismiss the appeal for want of jurisdiction. *See* Tex. R. App. P. 42.3(a). Appellant responded and informed the court that the trial court has not made a decision whether to grant an appeal under section 51.014(d). To date, more than forty-five days have passed and our record has not been supplemented with an order demonstrating that an interlocutory appeal is authorized pursuant to former section 51.014(d).

Accordingly, the appeal is ordered dismissed.


PER CURIAM


Panel consists of Chief Justice Hedges and Justices Boyce and Donovan.