**Opinion issued June 18, 2013**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-13-00323-CV

————————————

**JANE LEE D/B/A HHH GAME ROOM, Appellant**

**V.**

**DIXIE FARM TEXACO, INC. D/B/A CITYWIDE ATM, Appellee**

---

**On Appeal from the County Civil Court at Law No. 3**
**Harris County, Texas**
**Trial Court Cause No. 1010035**

---

## MEMORANDUM OPINION

This is an attempted appeal from the trial court's judgment signed April 11, 2013 against Jane Lee d/b/a HHH Game Room. The Court's records indicate that no motion for new trial was filed. The Court's records further indicate that Dan Y.

Huang, a nonparty to the case who is not a licensed lawyer, filed a notice of appeal purporting to be on behalf of Jane Lee d/b/a HHH Game Room.

A person who is not a licensed lawyer cannot file a notice of appeal on behalf of another person. *See Guerrero v. Memorial Turkey Creek, Ltd.*, No. 01-09-00237-CV, 2011 WL 3820841, at *2 (Tex. App.—Houston [1st Dist.] August 25, 2011, no pet.) (mem. op.) (appellant proceeding pro se could not file notice of appeal on behalf of second appellant); *Paselk v. Rabun*, 293 S.W.3d 600, 605 (Tex. App.—Texarkana 2009, no pet.) (holding notice of appeal filed by one pro se litigant on behalf of himself and second pro se litigant, who did not sign the notice, was not proper as to non-signing litigant and dismissing second litigant's appeal for want of jurisdiction); *see, e.g.*, *Crain v. The Unauthorized Practice of Law Comm. of the Sup.Ct. of Tex.*, 11 S.W.3d 328, 332–34 (Tex. App.—Houston [1st Dist.] 1999, pet. denied) (explaining that a person who is not a licensed attorney may not represent other persons in legal matters); *see also* TEX. R. APP. P. 9.1(b) ("A party not represented by counsel must sign any document that the party files . . . ."). Accordingly, no timely notice of appeal has been filed on behalf of Jane Lee d/b/a HHH Game Room. *See* TEX. R. APP. P. 26.1 (requiring notice of appeal to be filed within thirty days after the judgment is signed). Without a timely filed notice of appeal, this Court lacks jurisdiction over the appeal. *See* TEX. R. APP. P. 25.1.

2

On May 8, 2013, this Court gave notice that the appeal was subject to dismissal for want of jurisdiction unless the appellant filed a response by May 20, 2013 demonstrating grounds for continuing the appeal. *See* TEX. R. APP. P. 42.3(a). No response was filed showing grounds for continuing the appeal.

Accordingly, we dismiss the appeal for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a), 43.2(f). We dismiss any pending motions as moot.

**PER CURIAM**

Panel consists of Chief Justice Radack and Justices Sharp and Massengale.