# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-13-00204-CV

**Mary Smith and Jason Smith d/b/a Upscale Child Development Center, Appellants**

**v.**

**Texas Department of Family and Protective Services, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 345TH JUDICIAL DISTRICT
### NO. D-1-GV-12-001705, HONORABLE GUS J. STRAUSS, JR., JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Mary Smith d/b/a Upscale Child Development Center, appearing pro se, has failed to prosecute this appeal. Mary's brief was due on October 25, 2013.[1] On November 18, 2013, this Court's clerk sent Mary a notice informing her that her brief was overdue and cautioned that her appeal could be dismissed for want of prosecution unless she filed a response reasonably explaining her failure to file a brief. The response was due by December 13, 2013. An attorney purporting to represent Mary has repeatedly professed an intent to file a brief and motion for extension of time, but to date none has been filed. Accordingly, we dismiss Mary's appeal for want of prosecution. *See* Tex. R. App. P. 42.3(b), (c).

While the notice of appeal Mary filed also purports to appeal on behalf of Jason Smith d/b/a Upscale Child Development Center, only Mary signed the notice of appeal. A layperson cannot file a notice of appeal on behalf of another person. *See* Tex. R. Civ. P. 7 (individual may appear pro se to litigate his own rights); Tex. R. App. P. 9.1(b) ("A party not represented by counsel

---

[1] Because both appellants share the same surname, we refer to them by their first names to avoid confusion.

must sign any document that the party files . . . ."); *see also, e.g.*, *Paselk v. Rabun*, 293 S.W.3d 600, 606 (Tex. App.—Texarkana 2009, pet. denied) (pro se party had no authority to file notice of appeal on other party's behalf). Accordingly, the notice of appeal Mary filed was not effective to perfect an appeal on Jason's behalf. *See* Tex. R. App. P. 25.1(b), (c) (appellate court has jurisdiction over all parties to the judgment or order appealed from if any party timely files a notice of appeal, but court "may not grant a party who does not file a notice of appeal more favorable relief than did the trial court except for just cause."). Because the record lacks any notice of appeal signed by Jason, we dismiss the appeal as to him. *See id.* ("Any party's failure . . . to perfect an appeal . . . does not deprive the appellate court of jurisdiction but is ground only for the appellate court to act appropriately, including dismissing the appeal.").

_____

J. Woodfin Jones, Chief Justice

Before Chief Justice Jones, Justices Pemberton and Rose

Dismissed for Want of Prosecution

Filed: February 20, 2014

2