**Appeal Dismissed and Memorandum Opinion filed November 18, 2021.**



In The

# 𝔉𝔬𝔲𝔯𝔱𝔢𝔢𝔫𝔱𝔥 𝔆𝔬𝔲𝔯𝔱 𝔬𝔣 𝔄𝔭𝔭𝔢𝔞𝔩𝔰

### NO. 14-21-00308-CV

**LINDA J. TREZVANT, Appellant**

**V.**

**STEVE ZAMPRELLI AND KIMBERLY ZAMPRELLI, Appellees**

**On Appeal from the County Civil Court at Law No. 2
Harris County, Texas
Trial Court Cause No. 1165967**

## MEMORANDUM OPINION

This is an appeal from a judgment signed May 26, 2021.[1]  The notice of appeal

---

[1] The underlying lawsuit was an eviction proceeding originally filed in the justice court and appealed for trial de novo in the county civil court at law. Appellees Steve Zamprelli and Kimberly Zamprelli requested a writ of possession and for an award of $2,433.00 in attorney's fees. The county civil court at law rendered summary judgment directing the county clerk to issue a writ of possession and awarded appellees $1,250.00 in attorney's fees. The "final summary judgment" contained a Mother Hubbard clause that "all other relief not expressly granted herein is hereby DENIED." While the Mother Hubbard clause is insufficient to make a judgment final in a case that is not resolved by a conventional trial on the merits, the May 26, 2021 judgment nonetheless actually disposed of all remaining parties and claims, so it is a final judgment for

was filed May 25, 2021, and thus is deemed to have been filed on the same day as the judgment. *See* Tex. R. Civ. P. 27.1(a).

Although the notice of appeal was purported to be filed by pro se appellant Linda J. Trezvant both on her own behalf and on behalf of Michael Trezvant, who did not personally sign the notice of appeal, a pro se party cannot file a notice of appeal on behalf of another person. *Paselk v. Rabun*, 293 S.W.3d 600, 606 (Tex. App.—Texarkana 2009, no pet.). The court notified the parties that the appeal would be dismissed as to Mr. Trezvant unless a response was filed on or before October 11, 2021, showing meritorious grounds for continuing the appeal as to him. No response was filed. Accordingly, this appeal is dismissed for want of jurisdiction as to Michael Trezvant.

As for Linda J. Trezvant, her brief was required to be filed on August 5, 2021. On October 5, 2021, Ms. Trezvant was warned that the appeal would be dismissed for want of prosecution unless she filed a brief with this court before October 19, 2021. No brief was filed. Accordingly, the appeal is dismissed as to Linda J. Trezvant for want of prosecution, thus fully resolving the appeal. *See* Tex. R. App. P. 42.3(c) (allowing involuntary dismissal of case because appellant failed to comply with notice from clerk requiring response or other action within specified time).

PER CURIAM

Panel consists of Justices Wise, Jewell, and Spain.

---

purposes of appeals. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 200, 203–04 (Tex. 2001).