Opinion filed August 7, 2025



In The

# Eleventh Court of Appeals

_____

## No. 11-25-00140-CV

_____

**DISRAELI ARNOLD, ON BEHALF OF FATHER, CURTIS ARNOLD, JUNIOR, AND DAUGHTER, FAITH ARNOLD, OF THE DECEASED, Appellant**

**V.**

**SHERIFF MIKE GRIFFIS, INDIVIDUALLY AND AS HEAD OF THE ECTOR COUNTY SHERIFF'S OFFICE, NURSE ROBIN MCCULLOUGH, AND MISIDENTIFIED/MISNAMED NURSE SHELLY JAMES, Appellees**

**On Appeal from the 70th District Court**
**Ector County, Texas**
**Trial Court Cause No. A24101194CV**

## M E M O R A N D U M   O P I N I O N

Appellant, Disraeli Arnold, filed a pro se notice of appeal from the trial court's order granting Appellees' plea to the jurisdiction and motion for summary judgment. On May 22, we issued an order requesting that Disraeli[1] respond and show grounds

---

[1]Because the individuals involved in this appeal share the same last name, we will refer to each individual by their first names to avoid confusion.

to continue this appeal because he was purporting to proceed "on behalf" of Curtis and Faith, the father and daughter of the deceased, Kreasta Arnold. Appellant was required to respond by June 2. In the order, we stated that it appeared that neither Curtis nor Faith were parties to the proceedings below; however, we notified the individuals that, if either individual was a party to the litigation, that the party must file a notice of appeal or obtain counsel to file such a notice to proceed.

Disraeli timely filed two responses. Appellant states that he is the plaintiff in the proceedings and that the phrase "on behalf of" refers to the "styling" of the case below.[2] He also contends that representing Curtis and Faith does not constitute the unauthorized practice of law because "some type of business arrangement is a key component" of legal representation and "doing things for monetary gain as the primary motive would be a significant indicator of practicing law."

On June 4, Appellees filed a motion to dismiss. Appellees contend that we should dismiss the appeal under Rule 42.3 of the Texas Rules of Appellate Procedure because "Appellants . . . failed to file" the specific response we requested and "because the Court lacks jurisdiction." *See* TEX. R. APP. P. 42.3 (providing that an appellate court may dismiss an appeal after ten days' notice to the parties that it is subject to dismissal for want of jurisdiction, want of prosecution, or because the appellant has failed to comply with the rules, a court order, or a notice from the clerk requiring a response or other action in a specified time). Disraeli responded and requests that we deny their motion, stating that *he* has complied with the order and that *he* is the party that seeks to alter the trial court's judgment. *See* TEX. R. APP. P. 25.1(c).

Generally, an individual proceeding pro se may only litigate his own rights and may not litigate the rights of others in a representative capacity. *See* TEX. R.

---

[2]In his first response, Disraeli states that Curtis and Faith "affix their signatures" to his response.

CIV. P. 7; *Steele v. McDonald*, 202 S.W.3d 926, 928 (Tex. App—Waco 2006, no pet.); *Garrett Trucking, LLC v. Roscoe Collegiate Indep. Sch. Dist.*, No. 11-24-00225-CV, 2024 WL 4845964, at *1 (Tex. App.—Eastland Nov. 21, 2024, no pet.) (mem. op.).  In this regard, only a licensed attorney may represent other parties that appear in the case unless certain circumstances exist.  *See Suday v. Suday*, No. 24-1009, 2025 WL 1774459, at *2–3 (Tex. June 27, 2025) (Generally, an executor may not represent the estate pro se unless only the rights or the interests of the executor are at stake in the litigation.); *Paselk v. Rabun*, 293 S.W.3d 600, 606 (Tex. App.—Texarkana 2009, pet. denied) ("Although a layperson has the right to represent themselves, a layperson does not have the right to represent others."); *see also* TEX. GOV'T CODE ANN. §§ 81.101–.102 (West 2023) (prohibiting practice of law in Texas unless person is member of state bar); *id.* §§ 83.001–.006 (prohibiting unlicensed persons from practicing law without a license).  It does not appear that those circumstances exist in this case.  In his original petition, wherein he alleges claims for "Proximate and Direct Negligence" and "Wrongful Death & Survival," he does not claim to be the executor or sole beneficiary of Kreasta's estate, nor does it appear that the suit involves claims that solely involve his interests, if any.  *See Suday*, 2025 WL 1774459, at *2 & n.2, *3.

Moreover, only a party may file a notice of appeal.  *See* TEX. R. APP. P. 25.1; *In re Lumbermens Mut. Cas. Co.*, 184 S.W.3d 718, 723 (Tex. 2006) (orig. proceeding); *Ibrahim v. Young,* 253 S.W.3d 790, 800 (Tex. App.—Eastland 2008, pet. denied).  It does not appear that Curtis or Faith were parties to the proceedings below and, in any event, neither individual has filed a notice of appeal.  We therefore lack jurisdiction over the portion of the appeal that Disraeli attempts to submit on their behalf.  *Paselk*, 293 S.W.3d at 606.

Accordingly, we grant Appellees' motion to dismiss to the extent that it requests that we dismiss the appeal as to Disraeli *purporting to proceed on*

3

*behalf of Curtis and Faith*, and we dismiss that portion of the appeal. *See* TEX. R. APP. P. 42.3. This appeal will proceed with only Disraeli as Appellant, the party appealing the judgment signed by the trial court, and the named Appellees.[3] All appellate deadlines will be in accordance with the Texas Rules of Appellate Procedure.

PER CURIAM

August 7, 2025

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.

---

[3]In determining Appellees' motion, we express no view of the underlying litigation regarding Kreasta's death or the merits of Disraeli's appeal. *See Suday*, 2025 WL 1774459, at *3.