

## Fourth Court of Appeals
### San Antonio, Texas

### MEMORANDUM OPINION

No. 04-25-00275-CV

Darrell Avery **PAYNE**,
Appellant

v.

Stephanie R. **BOYD**, Liza Rodriguez,[1] Joe Gonzales, Michael Mery, Catherine Torres-Stahl, Kristina Escalona, Benjamin Robertson, Christine Del Prado, Jennifer Pena, Ron Rangel, Frank J. Castro, Joel Perez, Rosie Alvarado, in Their Official Capacities; and Bexar County, Appellees

From the 73rd Judicial District Court, Bexar County, Texas
Trial Court No. 2025CI01836
Honorable Elizabeth Martinez, Judge Presiding

Opinion by:     Lori I. Valenzuela, Justice

Sitting:        Irene Rios, Justice
                Lori I. Valenzuela, Justice
                Velia J. Meza, Justice

Delivered and Filed: March 25, 2026

AFFIRMED

The style of this case lists Darrell Avery Payne as the appellant. However, both below and on appeal, the claims in this case were asserted by Darrell's brother, Donald Payne, who purports to act as Darrell's agent. Donald asserts the trial court erred by granting appellees Stephanie R.

---

[1] The Honorable Andrew Carruthers was a party to this case below. Judge Carruthers retired in January 2025, and his replacement, the Honorable Liza Rodriguez, is substituted for him here. *See* TEX. R. APP. P. 7.2(a).

Boyd, Liza Rodriguez, Joe Gonzales, Michael Mery, Catherine Torres-Stahl, Kristina Escalona, Benjamin Robertson, Christine Del Prado, Jennifer Pena, Ron Rangel, Frank J. Castro, Joel Perez, Rosie Alvarado, and Bexar County's pleas to the jurisdiction. We affirm.

## BACKGROUND

In January 2025, Donald, who is not licensed to practice law but rather serving as the agent appointed under Darrell's power of attorney, sued appellees, alleging that they violated the federal and state constitutions as well as numerous federal and state laws in connection with a pending criminal matter involving Darrell. Appellees answered and filed pleas to the jurisdiction, arguing, among other things, that Donald lacked the requisite capacity and standing to prosecute the lawsuit on behalf of Darrell. Donald filed a response, and the trial court held a hearing.

At the hearing, Donald, when asked by the trial court who he was, stated, "My name is Don[ald] A. Payne, I'm the person that signed [the petition]. With the [petition], I also attached [Darrell's] power of attorney because that's the purpose of why I did what I could do for him, because that's why I'm here." The trial court declined to allow Donald to argue on Darrell's behalf at the hearing. The trial court did, however, offer Darrell an opportunity to provide argument, in which he stated, "I — I don't know what to say . . . but I — I'm tired of being incarcerated. . . . All I know is that I need my brother [Donald]'s help, that's — that's why I gave him power of attorney."

After the hearing, the trial court signed two separate orders granting appellees' pleas to the jurisdiction, dismissing the lawsuit with prejudice. Donald filed a notice of appeal.

**PLEA TO THE JURISDICTION**

*Standard of Review*

A plea to the jurisdiction is a dilatory plea that defeats a cause of action without regard for the merits of the claim. *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000). "[W]e review a trial court's ruling on a plea to the jurisdiction de novo." *Hous. Belt & Terminal Ry. Co. v. City of Houston*, 487 S.W.3d 154, 160 (Tex. 2016). "When a plea to the jurisdiction challenges the pleadings, we determine if the plaintiff has alleged facts that affirmatively demonstrate the court's jurisdiction to hear the case[.]" *Meyers v. JDC/Firethorne, Ltd.*, 548 S.W.3d 477, 486 (Tex. 2018). "We construe the pleadings liberally in favor of the plaintiffs and look to the pleaders' intent." *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004).

*Analysis*

In their pleas to the jurisdiction, appellees principally argued: (1) that Donald lacked capacity to prosecute a lawsuit on behalf of Darrell; and (2) that Donald lacked standing. While both are required to prosecute a lawsuit, they are distinct legal concepts. *See In re Guardianship of Archer*, 203 S.W.3d 16, 22–23 (Tex. App.—San Antonio 2006, pet. denied). For the reasons below, we hold that appellees failed to follow the proper procedures to challenge Donald's capacity in the trial court. Nevertheless, because Donald lacks standing, we affirm the trial court's judgments.

### 1) Donald's Capacity

"'Capacity' is a party's legal authority to act." *Id.* at 23; *Austin Nursing Ctr., Inc. v. Lovato*, 171 S.W.3d 845, 848 (Tex. 2005) ("[C]apacity is conceived of as a procedural issue dealing with the personal qualifications of a party to litigate.") (internal quotation marks omitted). Generally, absent exceptions not applicable here, unlicensed individuals do not have the capacity to represent

parties other than themselves in legal proceedings. *See* TEX. GOV'T CODE §§ 81.101–.102, 83.001–.006; *Paselk v. Rabun*, 293 S.W.3d 600, 606 (Tex. App.—Texarkana 2009, pet. denied) ("Although a layperson has the right to represent themselves, a layperson does not have the right to represent others."); *Trust v. Jellison*, Nos. 03-19-00590-CV & 03-20-00048-CV, 2021 WL 1725949, at *3 (Tex. App.—Austin Apr. 30, 2021, no pet.) (mem. op.) ("According to Texas law, only a licensed attorney is allowed to represent other parties.").

Considering Donald lacks a license to practice law, appellees raise several arguments challenging Donald's capacity to represent Darrell in this case. Donald does not hold himself out as licensed to practice law in the State of Texas, and none of the recognized exceptions to the general rule appear to be met. Donald, however, purports to have the authority to initiate and prosecute legal proceedings on Darrell's behalf, as the agent in Darrell's power of attorney. But "[t]o represent another individual in court, the representative must have a license to practice law; a power of attorney does not give the agent the power to represent the principal as an attorney." *In re Bailey*, No. 09-10-00412-CV, 2010 WL 4354021, at *2 (Tex. App.—Beaumont Nov. 4, 2010, orig. proceeding) (mem. op.) (per curiam).

Nevertheless, none of the appellees formally challenged Donald's capacity in the trial court. *See* TEX. R. CIV. P. 93(1), (2). "Unlike standing, which may be raised at any time, the burden is on the defendant to challenge capacity by a verified pleading in the trial court or it is waived." *In re Guardianship of Archer*, 203 S.W.3d at 23; *Lovato*, 171 S.W.3d at 849. Because a verified pleading was not filed in the trial court challenging Donald's capacity, appellees' arguments challenging Donald's capacity are waived. *Lovato*, 171 S.W.3d at 849; *In re Guardianship of Archer*, 203 S.W.3d at 23.

### 2) *Donald's Standing*

Standing, however, does not carry the same procedural requirements, and a plea to the jurisdiction is a proper vehicle "to challenge a party's lack of standing." *In re Guardianship of Archer*, 203 S.W.3d at 23; *State v. City of Houston*, — S.W.3d —, No. 03-23-00531-CV, 2025 WL 2014935, at *4 (Tex. App.—Austin July 18, 2025, no pet. h.). "'Standing' is a party's justiciable interest in the suit and is a component of subject matter jurisdiction." *In re Guardianship of Archer*, 203 S.W.3d at 22–23.

Standing requires the satisfaction of three elements. *Meyers*, 548 S.W.3d at 485. First, the plaintiff must show that he, not a third party or the public at large, suffered an injury. *Id.* Second, the plaintiff must show the alleged injury is "fairly traceable" to the defendant's conduct. *Id*. And finally, third, commonly referred to as "redressability," the plaintiff "must show that there is a substantial likelihood that the requested relief will remedy the alleged injury." *Id.* If the plaintiff fails to satisfy any one of the required three elements, he lacks standing, and the case must be dismissed for lack of subject matter jurisdiction. *Id.* This case can be resolved based on Donald's failure to satisfy the first element—an injury to himself.

At the outset, Donald is not listed as a party in the petition, and the petition does not assert any claims on his behalf or that he has incurred any injuries. Rather, Donald, on behalf of his brother Darrell, asserts several federal and state statutory and constitutional claims that he contends appellees violated and which have allegedly caused injury to Darrell. Donald, proceeding *pro se*, may not latch onto his brother's alleged injuries and confer standing on himself under the guise that he is acting as Darrell's agent. *See In re Bailey*, 2010 WL 4354021, at *2. Accordingly, because Donald has failed to satisfy the first element, Donald lacks standing, and, thus, the trial court lacked subject-matter jurisdiction over the underlying lawsuit.

We acknowledge that, when faced with standing issues arising from defective pleadings, "Texas courts allow parties to replead unless their pleadings demonstrate incurable defects." *Dohlen v. City of San Antonio*, 643 S.W.3d 387, 397 (Tex. 2022). Here, however, no amount of repleading can cure the jurisdictional defect as to Donald. *See Tex. A&M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 840 (Tex. 2007) (dismissing claim and concluding plaintiff was not entitled to amend petition, noting that plaintiff's "pleading defects cannot be cured, and he has made no suggestion as to how to cure the jurisdictional defect"). At bottom, "[r]emanding this case to allow [Donald] to amend his petition would serve no legitimate purpose because [Donald] cannot overcome the standing defect of his pleadings." *Hernandez v. Williams*, No. 14-22-00195-CV, 2023 WL 5367439, at *4 (Tex. App.—Houston [14th Dist.] Aug. 22, 2023, no pet.) (mem. op.). Accordingly, we hold that the trial court did not err in granting appellees' pleas to the jurisdiction without allowing Donald the opportunity to amend his pleadings.[2]

### CONCLUSION

We affirm the judgments of the trial court.

Lori I. Valenzuela, Justice

---

[2] In his brief, Donald makes ancillary arguments regarding the trial court's alleged failure to follow proper procedure and in failing to hold a hearing on his request for a preliminary injunction. Given our disposition, we need not address these arguments. *See* TEX. R. APP. P. 47.1.