# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-13-00139-CV

**John Forsyth, Appellant**

**v.**

**Wachovia Mortgage Company; Residential Credit Solutions, Inc.; Mortgage Electronic Registration Systems (MERS); FV REO 1, LLC; and Timothy J. Harvard, Appellees**

## FROM THE DISTRICT COURT OF TRAVIS COUNTY, 126TH JUDICIAL DISTRICT NO. D-1-GN-10-003840, HONORABLE AMY CLARK MEACHUM, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

John Forsyth appeals a final summary judgment that he take nothing on claims relating to the foreclosure sale of residential property then owned by him and his wife, Susan.[1] We will affirm the district court's judgment.

In March 2006, appellee Wachovia Mortgage Company (Wachovia) loaned $135,000 to the Forsyths to help finance their purchase of residential property. In connection with the loan,

---

[1] Both John and Susan were plaintiffs below, and the notice of appeal and subsequent briefing, filed pro se (as the Forsyths have acted throughout the proceedings) purport to seek appellate relief on behalf of both of them. However, the notice of appeal is signed solely by John, a layperson, and is ineffective to perfect an appeal on Susan's behalf. *See, e.g.*, *Paselk v. Rabun*, 293 S.W.3d 600, 606 (Tex. App.—Texarkana 2009, pet. denied); *see also* Tex. R. App. P. 9.1(b) ("A party not represented by counsel must sign any document that the party files . . . ."). Consequently, Susan has not perfected an appeal, and we must dismiss the purported appeal on her behalf for want of subject-matter jurisdiction. *See, e.g.*, *Paselk*, 293 S.W.3d at 606. But we observe that even if Susan's attempted appeal had been properly perfected, we would affirm the district court's judgment against her for the same reasons that we affirm it as to her husband.

Susan signed a note payable to Wachovia, and Susan and John signed a Deed of Trust pledging a security interest in the property. After the Forsyths failed to make a scheduled payment and thereby defaulted on the loan, the loan servicer, appellee Residential Credit Solutions, Inc. (Residential Credit), sent notice of the lender's intent to accelerate the loan if the default was not cured within thirty days. When the Forsyths failed to cure, Residential Credit sent notice that it had accelerated the unpaid balance of the note and that the property would be sold at a non-judicial foreclosure sale initially scheduled for June 1, 2010. The sale ultimately went forward on September 7, 2010, at which the property was conveyed to appellee FV REO 1, LLC.

Prior to and continuing after the foreclosure sale, the Forsyths prosecuted litigation in federal court against Wachovia, Residential Credit, FV REO 1, LLC, and appellee Mortgage Electronic Registration Systems (MERS) centering on the "wrongful foreclosure" of the property and related theories of "fraud" and unlawful "conspiracy" to deprive the Forsyths of their home and improperly collect the underlying debt. The Forsyths' federal court suit was ultimately concluded by a February 23, 2011 dismissal with prejudice holding that they had failed to meet the "heightened pleading requirements of Federal Rule of Civil Procedure 9(b)" and had "not provided the Court with a set of facts that asse[r]t a plausible claim for relief." In the meantime, the Forsyths also filed the underlying state court suit alleging "wrongful foreclosure," "fraud," "civil conspiracy," and "due process" violations, and seeking to "quiet title" to the property. The defendants below (appellees here) answered and then, subsequent to the dismissal of the Forsyths' federal action, moved for summary judgment on both no-evidence and traditional grounds that included res judicata and collateral estoppel arising from the federal court judgment. The district court granted appellees' motion without stating the specific grounds on which it relied.

2

John now raises several issues complaining of the district court's judgment. However, even while we have liberally permitted him to supplement his pro se briefing, he has not challenged the appellees' res judicata and collateral estoppel grounds for summary judgment. Because those unchallenged summary-judgment grounds are singularly sufficient to support the district court's judgment, we must affirm on that basis without need to reach John's appellate issues (which, even if meritorious, would merely identify harmless error). *See Carr v. Brasher*, 776 S.W.2d 567, 569 (Tex. 1989); *Jack v. Holiday World of Houston*, 262 S.W.3d 42, 49–50 (Tex. App.—Houston [1st Dist.] 2008, no pet.); *Britton v. Texas Dep't of Criminal Justice*, 95 S.W.3d 676, 681–82 (Tex. App.—Houston [1st Dist.] 2002, no pet.); *see also Barefield v. Lone Star Beef Prod.*, No. 03-12-00329-CV, 2012 WL 3793145, at *1 (Tex. App.—Austin Aug. 31, 2012, no pet.) (mem. op.); *see also* Tex. R. App. P. 47.1.[2]

We affirm the district court's judgment.

_____

Bob Pemberton, Justice

Before Chief Justice Jones, Justices Pemberton and Rose

Affirmed

Filed:   January 3, 2014

_____

[2] We are bound to apply the same procedural and substantive standards to the Forsyths as with litigants represented by counsel. *See Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184–85 (Tex. 1978) ("There cannot be two sets of procedural rules, one for litigants with counsel and the other for litigants representing themselves.  Litigants who represent themselves must comply with the applicable procedural rules, or else they would be given an unfair advantage over litigants represented by counsel.").