**Dan DANIELS and Donald McLeaish, Appellants,**

v.

**INDEMNITY INSURANCE COMPANY OF NORTH AMERICA, Appellee.**

No. 05–09–00975–CV.

Court of Appeals of Texas, Dallas.

July 18, 2011.

Donald C. McLeaish, Attorney at Law, Duncanville, TX, pro se.

Charles W. McGarry, Law Office of Charles McGarry, Dallas, TX, for Appellants.

Robert E. Sheeder, Bracewell & Giuliani, LLP, Dallas, TX, Deanne C. Ayers,

Julie B. Tebbets, Ayers & Ayers, Colleyville, TX, for Appellee.

Before Justices MORRIS, FRANCIS, and MURPHY.

## OPINION

Opinion By Justice MORRIS.

In this appeal, we determine whether the trial court erred in granting a take-nothing summary judgment in Dan Daniels's bad-faith lawsuit against Indemnity Insurance Company of North America. We also review the trial court's sanctions award against Daniels's attorney, Donald McLeaish. For the reasons that follow, we conclude the trial court's summary judgment in favor of Indemnity was proper and further conclude the trial court did not abuse its discretion in sanctioning McLeaish. Accordingly, we affirm the trial court's judgment.

### I.

This case arises out of a claim for workers' compensation benefits Daniels filed after he was injured on the job in 2003 while working for ThyssenKrupp Elevator Corporation. Indemnity was the workers' compensation carrier for ThyssenKrupp and paid Daniels both temporary benefits and impairment benefits based on a nineteen-percent impairment rating. In November 2005, the Division of Workers' Compensation notified Daniels that he was eligible for supplemental income benefits from November 26, 2005 through February 24, 2006.[1] Indemnity, however, disputed Daniels's entitlement to these benefits asserting (1) he did not make a good faith effort to look for work commensurate with

his ability to work and (2) Daniels sustained an unrelated, intervening injury. Indemnity requested a contested case hearing with the Division. After a hearing in October 2006, the hearing officer found that Daniels had made a good faith effort to look for work commensurate with his ability but failed to establish his earnings were now less than eighty percent of his weekly wage at ThyssenKrupp. Accordingly, the hearing officer ruled that Daniels was not entitled to supplemental income benefits. An appeals panel affirmed the hearing officer's determination in January 2007. Daniels filed a lawsuit against Indemnity in Johnson County appealing the Division's determination denying him supplemental income benefits. Among the issues Daniels presented for decision in that lawsuit were (1) his average weekly wage and (2) whether he was entitled to supplemental income benefits. According to appellants' brief, that lawsuit is still pending.

Daniels also filed a lawsuit against ThyssenKrupp and Indemnity in Dallas County in January 2007 alleging, among other things, that Indemnity wrongfully delayed or denied his benefits and acted in bad faith in adjusting his compensation claim. He further alleged ThyssenKrupp failed to provide a true record of his income before the accident when completing the "Employer's Wage Statement" required by the labor code. Daniels asserted claims against Indemnity for breach of contract, violations of the Deceptive Trade Practices Act, violations of the Texas Insurance Code, and breach of the duty of good faith and fair dealing. In October 2007, Daniels filed a nonsuit with respect to the Dallas

---

1. The notice was from the Texas Worker's Compensation Commission. Effective September 1, 2005, however, the legislature dissolved the Texas Workers' Compensation Commission and created the Division of Workers' Compensation within the Texas Department of Insurance. Act of June 1, 2005, 79th Leg., R.S., ch. 265, § 8.001, 2005 Tex. Gen. Law 469, 607. For clarity, we refer to the agency as the Division in this opinion.

County lawsuit the day before the defendants' motions for summary judgment were scheduled to be heard. About one month later, on November 6, 2007, Daniels filed the lawsuit from which this appeal arises. The present lawsuit sets forth the same factual allegations as the case that was previously dismissed and asserts causes of action against Indemnity for breach of the duty of good faith and fair dealing, violations of the Texas Insurance Code, and violations of the Deceptive Trade Practices Act [2].

Indemnity filed a traditional motion for summary judgment asserting multiple grounds with respect to the various claims against them.[3] The trial court granted the motion without specifying the grounds. Indemnity then moved for sanctions against appellants. After a hearing on the motion, the trial court awarded Indemnity $3,750 against Daniels's attorney, Donald McLeaish. This appeal followed.

## II.

■ We begin our analysis with appellants' challenges to the trial court's summary judgment ruling. Where, as here, the summary judgment movant asserts multiple grounds and the trial court's order granting the summary judgment does not specify the grounds upon which the order was based, the party appealing the order must negate all possible grounds upon which the order could have been based. *Shih v. Tamisiea*, 306 S.W.3d 939, 944–45 (Tex.App.-Dallas 2010, no pet.).

At the heart of Daniels's lawsuit is his allegation that he was wrongfully denied supplemental income benefits based on an incomplete Employer's Wage Statement furnished by ThyssenKrupp to Indemnity and presented at the contested case hearing. Daniels asserts the wage statement did not include information with respect to his fringe benefits, specifically, health insurance premiums. He further complains of Indemnity's initial denial of supplemental income benefits based on an intervening injury, failure to investigate his pre-injury wages, and its questioning of him at the contested case hearing that suggested his use of a state-owned vehicle in his current job was a personal benefit. Daniels asserts that, as a result of Indemnity's actions, he has lost income he was to have been paid, suffered mental anguish, loss of credit, and severe damage to his personal life.

■ Among the grounds raised in its summary judgment motion, Indemnity asserted that the Division's determination that Daniels was not entitled to supplemental income benefits conclusively established that it cannot be held liable for any damages resulting from its refusal to pay Daniels supplemental income benefits. Daniels counters that the Division's denial of supplemental income benefits does not conclusively negate the causation elements of his claims because of Indemnity's failure to present to the Division a properly completed Employer's Wage Statement that

---

2. Although the current lawsuit named both ThyssenKrupp and Indemnity as defendants, appellants settled their dispute with ThyssenKrupp before this appeal. Daniels's pleadings also asserted additional causes of action against Indemnity, but he does not challenge the trial court's adverse summary judgment on those claims, and they are not before us.

3. Indemnity filed a counterclaim against Daniels alleging he had failed to indemnify it for a third-party settlement he obtained in a New Mexico lawsuit. Indemnity also moved for summary judgment on its counterclaim, which the trial court granted. Daniels has not raised any issue with respect to the trial court's summary judgment on Indemnity's counterclaim. Accordingly, that ruling is not before us and we express no opinion about it.

included the health insurance premiums paid for his benefit by ThyssenKrupp.

■ A compensation claimant cannot prosecute a lawsuit against a carrier to recover damages resulting from a denial of benefits without a previous determination by the Division that such benefits are due him. *See Am. Motorists Ins. Co. v. Fodge,* 63 S.W.3d 801, 802 (Tex.2001). Here, the summary judgment evidence conclusively establishes that the Division determined that Daniels was not entitled to supplemental income benefits. Daniels attempts to circumvent the holding of *Fodge* by arguing that the Division's denial of supplemental income benefits "does nothing to negate an allegation" that Indemnity caused an erroneous decision adverse to Daniels "by presenting evidence it knew was false, or by withholding relevant evidence of the insurance premiums paid by ThyssenKrupp." Daniels's argument misses the mark. A review of the hearing officer's decision that was ultimately affirmed by the appeals panel reveals that the question of Daniels's average weekly wage was directly before the hearing officer. The hearing officer acknowledged that Daniels's paychecks indicated the existence of a health plan but that Daniels made no attempt to show that Thyssen-Krupp paid the premiums for this plan or the value of such premiums, if any. In a footnote, the hearing officer noted that although Daniels asserted ThyssenKrupp ignored a subpoena and failed to provide all of his pay records, he did not seek enforcement of the subpoena in district court. Instead, Daniels chose to proceed on the available evidence. The hearing officer also noted that although an employer representative was called to testify at the hearing, Daniels did not question the witness on his earnings for the period at issue. At the hearing, Daniels conceded the company vehicle his new employer provided to him was a benefit to him, but he could not estimate the value of such benefit. The hearing officer determined that in the absence of such evidence, Daniels could not establish that he was currently earning less than eighty percent of his average weekly wage.[4]

Daniels does not direct us to any summary judgment evidence suggesting Indemnity improperly caused the hearing officer to deny him supplemental income benefits. To the contrary, it appears that Daniels simply failed to meet his burden to establish his entitlement to such benefits. Based on the record before us, we conclude the trial court did not err in granting summary judgment on Daniels's claims for breach of the duty of good faith and fair dealing, violations of the Texas Insurance Code, and violations of the Deceptive Trade Practices Act.

## III.

■ We next address appellants' challenges to the trial court's order imposing sanctions against Daniels's attorney, Donald McLeaish, pursuant to rule 13 of the Texas Rules of Civil Procedure and chapter 10 of the Texas Civil Practice and Remedies Code.[5] Among other things, Indemnity alleged in its motion for sanctions

---

4. To be entitled to supplemental income benefits, the claimant has the burden of establishing he (1) has an impairment rating of fifteen percent or more from a compensable injury; (2) has not returned to work or has returned to work earning less that eighty percent of the claimant's average weekly wage as a direct result of his impairment; (3) has not elected

to commute a portion of the impairment income benefit under section 408.128; and (4) has complied with the work search requirements adopted under section 408.1415. Tex. Lab.Code Ann. § 408.142(a) (West 2006).

5. Indemnity moved for sanctions under both of these provisions.

that appellants had failed to pursue their case diligently, filed multiple and duplicate lawsuits solely to avoid summary judgment, engaged in discovery abuse, and wasted judicial resources. After an evidentiary hearing, the trial court found that appellants had filed the current lawsuit with knowledge that the pleadings were without factual support. The trial court further found that, although appellants had the opportunity to develop additional evidence to support their claims in the current lawsuit, they made no attempt to do so. The trial court ordered McLeaish to pay $3,750 to Indemnity, noting the amount awarded was a fraction of the attorney's fees and expenses Indemnity incurred as a result of McLeaish's sanctionable conduct.

■ Appellants contend the trial court abused its discretion in awarding the sanctions because the grounds the trial court cited as support for the award involved conduct occurring in the original lawsuit and its claims against Indemnity were neither groundless nor filed in bad faith or for an improper purpose. We review a sanctions award under either rule 13 or chapter 10 for an abuse of discretion. *See Low v. Henry,* 221 S.W.3d 609, 614 (Tex.2007). The test for determining whether the trial court abused its discretion is whether it acted without reference to any guiding rules and principles to the extent the act was arbitrary or unreasonable. *Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238, 241–42 (Tex.1985). When reviewing an order for sanctions, we examine the entire record to determine whether the trial court's sanctions were proper. *See Am. Flood Research, Inc., v. Jones,* 192 S.W.3d 581, 583 (Tex.2006). We review the evidence in the light most favorable to

the trial court's ruling and draw all reasonable inferences from the evidence to sustain the order. *See Davis v. Rupe,* 307 S.W.3d 528, 530 (Tex.App.-Dallas 2010, no pet.). Rule 13 authorizes a trial court to impose sanctions against an attorney who filed a groundless pleading brought in bad faith or for the purposes of harassment. TEX.R. CIV. P. 13. Similarly, chapter 10 permits sanctions upon a showing that the pleading (1) lacked a reasonable basis in fact or law or (2) was brought for an improper purpose. *See Armstrong v. Collin Cnty. Bail Bond Bd.,* 233 S.W.3d 57, 62 (Tex.App.-Dallas 2007, no pet.).

The trial court's fourteen-page order imposing sanctions against McLeaish sets forth in great detail the history of the parties' dispute, the procedural background of both Dallas lawsuits, as well as the grounds upon which the sanctions were based. The record reflects that at 4:00 p.m. on the day before Indemnity's motion for summary judgment was to be heard in the original lawsuit, McLeaish filed a nonsuit on all claims against Indemnity and ThyssenKrupp. He then moved to set aside the nonsuit asserting it "was sought to insure the right to amend [plaintiff's] pleadings caused by the discovery of fraud" because he was not confident the motion for leave to amend and motion for continuance would be heard before the summary judgment.[6] Less than a month later, however, McLeaish filed the present lawsuit against Indemnity and ThyssenKrupp asserting his reinstatement motion could not be heard before November 15, 2007. This lawsuit asserted virtually identical claims against Indemnity and was based on the same factual allegations set forth in the former lawsuit. Moreover,

---

**6.** Daniels's motion to amend was filed outside of the trial court's deadline to amend pleadings to assert new claims for affirmative relief.

neither appellants' original pleading nor their first amended pleading in the present lawsuit contains a fraud claim against Indemnity.[7] It was not until September 8, 2008, almost ten months after they filed the present lawsuit, that appellants added a fraud claim against Indemnity. This claim was based on the same factual allegations in their earlier pleadings asserting that the employer's wage statement improperly omitted fringe benefits paid to Daniels's union. The record reveals that appellants conducted no discovery nor developed any other evidence in the present case to support their claims. In fact, appellants did not even file a response to Indemnity's no-evidence motion for summary judgment on their fraud claim. Appellants' response to Indemnity's traditional motion for summary judgment contained only evidence and affidavits obtained either before filing the former lawsuit or before the filing of the current lawsuit. As noted by the trial court, despite the opportunity to conduct discovery, appellants provided no evidentiary basis for their claims other than what they presented in the first lawsuit in which they filed the nonsuit.

Based on the record before it, the trial court could have determined the present lawsuit was groundless or filed for an improper purpose. Specifically, the trial court could have determined the present lawsuit was an attempt to circumvent an adverse ruling in the original lawsuit and unnecessarily prolong and increase the expense of the litigation for Indemnity. After reviewing the entire record, we cannot conclude the trial court abused its discretion in awarding Indemnity $3,750 in sanctions against McLeaish.

We resolve both of appellants' issues against them. We affirm the trial court's judgment.

---

7. Although appellants contend they asserted a fraud claim against Indemnity in their first amended petition, a liberal reading of that pleading does not support appellants' contention. The fraud claim against Indemnity was first asserted in appellants' supplement to its first amended pleading.