

# NUMBER 13-14-00132-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

REBECCA GALLARDO,                                                    Appellant,

v.

INSURANCE COMPANY OF THE
STATE OF PENNSYLVANIA,                                              Appellee.

**On appeal from the County Court at Law No. 2
of Nueces County, Texas.**

# MEMORANDUM OPINION

**Before Justices Benavides, Perkes, and Longoria
Memorandum Opinion by Justice Benavides**

Rebecca Gallardo, proceeding pro se, appeals a summary judgment rendered against her regarding her entitlement to supplemental income benefits. In a separate opinion issued this same date, we have determined that part of the summary judgment order is void and have directed the trial court to withdraw that part of the summary

judgment order. *See In re Gallardo*, No. 13-14-00203-CV, 2015 WL ___, at *_ (Tex. App.—Corpus Christi Jan. _, 2015, orig. proceeding) (mem. op.). We affirm the remainder of the summary judgment order in this appeal.

## I. BACKGROUND

On June 2, 2008, Gallardo sustained a work-related injury for which she sought workers' compensation benefits. Insurance Company of the State of Pennsylvania ("ICSOP") was Gallardo's employer's workers compensation insurance carrier. Through a series of contested case hearings, the Texas Department of Insurance, Division of Workers' Compensation ("Division"), concluded that Gallardo was not entitled to receive supplemental income benefits.[1]

In February 2011, Gallardo filed a suit for judicial review of the Division's decisions on her first, second, third, and fourth-quarter supplemental income benefits. This case was filed in cause number 2011-CCV-60284-A in County Court at Law Number One of Nueces County, Texas. Gallardo and ICSOP settled the claims in that case by Rule 11 agreement dated February 1, 2012. *See* TEX. R. CIV. P. 11 ("Unless otherwise provided in these rules, no agreement between attorneys or parties touching any suit pending will be enforced unless it be in writing, signed and filed with the papers as part of the record, or unless it be made in open court and entered of record."). The settlement agreement provided, in relevant part:

---

[1] Supplemental income benefits provide long-term disability compensation. *See* TEX. LAB. CODE ANN. § 408.142 (West, Westlaw through 2013 3d C.S.); *Rodriguez v. Serv. Lloyds Ins. Co.*, 997 S.W.2d 248, 253 (Tex. 1999). To be entitled to supplemental income benefits, the claimant has the burden of establishing that the claimant: (1) has an impairment rating of fifteen percent or more from a compensable injury; (2) has not returned to work or has returned to work earning less that eighty percent of the claimant's average weekly wage as a direct result of the impairment; (3) has not elected to commute a portion of the impairment income benefit under section 408.128; and (4) has complied with the work search requirements adopted under section 408.1415. TEX. LAB. CODE ANN. § 408.142(a); *Daniels v. Indem. Ins. Co. of N. Am.*, 345 S.W.3d 736, 740 n.4 (Tex. App.—Dallas 2011, no pet.).

2

The parties have agreed as follows:

1.    Plaintiff is entitled to Supplemental Income Benefits for the first quarter, second quarter[,] and third quarter.

2.    Plaintiff is not entitled to Supplemental Income Benefits for the fourth, fifth, sixth, seventh[,] or eighth quarter.

3.    Plaintiff's attorney['s] fees and expenses are capped at $12,500.00[.]

4.    The Parties agree to cooperate with each other in order to ensure that all necessary paperwork, including a DWC-24 [benefit dispute agreement] covering the 5, 6, 7[,] and 8th quarters, is timely submitted and approved by TDI-DWC.

On April 12, 2012, the trial court signed a final judgment in accordance with the settlement agreement. The judgment provided, in relevant part, that Gallardo was entitled to supplemental income benefits for the first, second, and third quarters, but was not entitled to benefits for the fourth quarter. The judgment did not address Gallardo's entitlement to the fifth, sixth, seventh, or eighth quarter benefits. ICSOP paid Gallardo first, second, and third quarter supplemental income benefits.

Pursuant to the agreement, the parties executed a proposed DWC-24 Form on February 6, 2012, and submitted it to the Division for review on May 10, 2012. On May 15, 2012, the Division's Benefit Review Officer denied approval of the DWC-24 benefit dispute agreement by correspondence to the parties stating:

Please take notice that I have denied the DWC-24 as submitted on 05/10/12 by the parties. The agreement as submitted includes SIBS quarters 5th, 6th, 7th and 8th. The 5th and 6th quarters have previously been scheduled for a BRC, but not the 7th and 8th quarters. In addition, the agreement is signed 02/06/12 and I note that attorney Daniel Home [sic] no longer represents the Claimant. A party should request dispute resolution so all quarters noted herein can be addressed, and that the Division may be assured that these are the terms agreed to by all parties. I realize the 02/06/12 DWC-24 was part of another agreement outside the Division jurisdiction; therefore, if the parties wish to sign another

3

agreement, all issues can be properly resolved at a BRC.

In July 2012, ICSOP filed suit against Gallardo and her former counsel in trial court cause number 2012-CCV-61313-2 in the Court at Law No. 2 of Nueces County, alleging that Gallardo and her former counsel breached the settlement agreement because they refused to cooperate in executing a new DWC-24 for submission to the Division.[2] This trial court proceeding gave rise to this appeal and the related petition for writ of mandamus. ICSOP's causes of action against Gallardo and her counsel included breach of contract, conversion, and fraud in the inducement. ICSOP further sought specific performance of the settlement agreement. Gallardo filed an original answer to ICSOP's petition which included a plea to the jurisdiction, a counterclaim, and a motion for sanctions.

ICSOP filed a motion for traditional and no-evidence summary judgment seeking specific performance of the settlement agreement or the return of the settlement funds. *See generally* TEX. R. CIV. P. 166a. On December 12, 2013, the trial court held a hearing on ICSOP's motion for summary judgment, and, on January 24, 2014, the trial court signed an "Order Granting Final Summary Judgment" in favor of ICSOP. In the order granting summary judgment, the trial court concluded that Gallardo breached the settlement agreement and granted specific performance of the settlement agreement. The judgment specifically recites that: (1) Gallardo is entitled to supplemental income benefits for the first, second, and third quarters; (2) Gallardo is not entitled to supplemental income benefits for the fourth, fifth, sixth, seventh, or eighth quarters; (3) Gallardo's attorney's fees and expenses were capped at $12,500.00; and (4) Gallardo

---

[2] Gallardo's former counsel was ultimately non-suited from this case and is not a party to this appeal.

"shall cooperate with ICSOP in order to ensure that all necessary paperwork, including a [DWC-24] covering the fifth, sixth, seventh, and eighth quarters, is timely submitted and approved" by the Division. According to the order, the trial court retained jurisdiction "to enforce the terms of this decree of specific performance through further appropriate proceedings and orders, including, as and if needed, findings and orders of contempt."

Gallardo appealed the summary judgment in this cause on February 24, 2014 and filed a separate petition for writ of mandamus contending that the trial court lacked jurisdiction over the proceedings on April 1, 2014.

## II. STANDARD OF REVIEW

When a party files a summary judgment motion on both traditional and no-evidence grounds, we first review the trial court's judgment under the standards of Rule 166a(i). *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004). A no-evidence motion for summary judgment under Rule 166a(i) is essentially a motion for a pretrial directed verdict. TEX. R. CIV. P. 166a(i); *Timpte Indus., Inc. v. Gish*, 286 S.W.3d 306, 310 (Tex. 2009). After an adequate time for discovery, a party without the burden of proof may, without presenting evidence, seek summary judgment on the ground that there is no evidence to support one or more essential elements of the non-movant's claim or defense. TEX. R. CIV. P. 166a(i). The motion must specifically state the elements for which there is no evidence. *See id.*; *Timpte Indus., Inc.*, 286 S.W.3d at 310. The non-movant, here Gallardo, must produce summary judgment evidence raising a genuine issue of material fact to defeat the summary judgment under that provision. TEX. R. CIV. P. 166a(i); *Ford Motor Co.*, 135 S.W.3d at 600. A genuine issue of material fact exists if the non-movant produces more than a scintilla of evidence

5

establishing the existence of the challenged element. *Morgan v. Anthony*, 27 S.W.3d 928, 929 (Tex. 2000). In conducting our no-evidence summary judgment review, we will "review the evidence presented by the motion and response in the light most favorable to the party against whom the summary judgment was rendered, crediting evidence favorable to that party if reasonable jurors could, and disregarding contrary evidence unless reasonable jurors could not." *Timpte Indus., Inc.*, 286 S.W.3d at 310 (quoting *Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 582 (Tex. 2006)). The trial court is required to grant the motion unless the non-movant produces summary judgment evidence that raises a genuine issue of material fact. TEX. R. CIV. P. 166a(i). If the non-movant fails to produce more than a scintilla of evidence, then there is no need to analyze whether the movant's' proof satisfied the rule 166a(c) burden. *Ford Motor Co.*, 135 S.W.3d at 600. If the non-movant meets its burden under rule 166a(i), we consider the motion under rule 166a(c). *See id.*

The party moving for traditional summary judgment bears the burden of showing that no genuine issue of material fact exists and that he is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). We review the summary judgment evidence in the light most favorable to the party against whom the summary judgment was rendered, crediting evidence favorable to that party if reasonable jurors could and disregarding contrary evidence unless reasonable jurors could not. *City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005); *Johnson v. Brewer & Pritchard, P.C.*, 73 S.W.3d 193, 208 (Tex. 2002).

In contrast, we review the trial court's rulings on objections to summary judgment

6

evidence for abuse of discretion. *Garner v. Fidelity Bank, N.A.*, 244 S.W.3d 855, 859 (Tex. App.—Dallas 2008, no pet). A trial court abuses its discretion when it acts arbitrarily or unreasonably, without reference to guiding rules or principles. *Iliff v. Iliff*, 339 S.W.3d 74, 78 (Tex. 2011); *Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex. 1990) (per curiam); *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985). A trial court also abuses its discretion by failing to analyze or apply the law correctly. *Iliff*, 339 S.W.3d at 78; *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992).

### III. ANALYSIS

By three issues, Gallardo contends generally that the trial court abused its discretion in granting summary judgment and ordering specific performance of the settlement agreement. Specifically, Gallardo contends that: (1) ICSOP failed to comply with Texas Labor Code section 410.258, *see* TEX. LAB. CODE ANN. § 410.258 (West, Westlaw through 2013 3d C.S.); (2) the February 1, 2012 letter agreement did not comply with Rule 11 of the Texas Rules of Civil Procedure, *see* TEX. R. CIV. P. 11; and (3) ICSOP was attempting to dispose of supplemental income benefits that had not been previously adjudicated by the Division. In contrast, ICSOP contends that the trial court properly granted summary judgment in its favor requiring specific performance of the terms of the underlying agreed judgment and Rule 11 Agreement, and that the summary judgment should be affirmed in its entirety.

By her first issue, Gallardo contends that the summary judgment should be reversed because ICSOP failed to comply with section 410.258 of the Texas Labor Code. Section 410.258 of the Texas Labor Code requires a party to file any proposed settlement or judgment with the workers' compensation division not later than the thirtieth

7

day before the date on which the court is scheduled to enter the judgment:

(a)     The party who initiated a proceeding under this subchapter or Subchapter G must file any proposed judgment or settlement made by the parties to the proceeding, including a proposed default judgment, with the division not later than the 30th day before the date on which the court is scheduled to enter the judgment or approve the settlement. The proposed judgment or settlement must be mailed to the division by certified mail, return receipt requested.

(b)     The division may intervene in a proceeding under Subsection (a) not later than the 30th day after the date of receipt of the proposed judgment or settlement.

(c)     The commissioner shall review the proposed judgment or settlement to determine compliance with all appropriate provisions of the law. If the commissioner determines that the proposal is not in compliance with the law, the division may intervene as a matter of right in the proceeding not later than the 30th day after the date of receipt of the proposed judgment or settlement. The court may limit the extent of the division's intervention to providing the information described by Subsection (e).

(d)     If the division does not intervene before the 31st day after the date of receipt of the proposed judgment or settlement, the court shall enter the judgment or approve the settlement if the court determines that the proposed judgment or settlement is in compliance with all appropriate provisions of the law.

(e)     If the division intervenes in the proceeding, the commissioner shall inform the court of each reason the commissioner believes the proposed judgment or settlement is not in compliance with the law. The court shall give full consideration to the information provided by the commissioner before entering a judgment or approving a settlement.

(f)     A judgment entered or settlement approved without complying with the requirements of this section is void.

TEX. LAB. CODE ANN. § 410.258. ICSOP contends it submitted the proposed judgment

to the Division for review in accordance with this section by transmittal letter dated

February 15, 2012.[3]

Compliance with section 410.258 is both mandatory and jurisdictional, and the failure to provide the required notice to the Division renders a judgment void. *S. Ins. Co. v. Brewster*, 249 S.W.3d 6, 12 (Tex. App.—Houston [1st Dist. 2007, pet. denied); *Metro. Transit Auth. v. Jackson*, 212 S.W.3d 797, 800 (Tex. App.—Houston [1st Dist.] 2007, pet. denied); *Ins. Co. of Pa. v. Martinez*, 18 S.W.3d 844, 847 (Tex. App.—El Paso 2000, no pet.); *see also Albertson's Inc. v. Sinclair*, 984 S.W.2d 958, 962 (Tex. 1999) ("[S]ubsection 410.258(f) provides that a judgment entered or settlement approved without complying with section 410.258's requirements is void. That the Legislature could have but did not similarly provide a consequence for noncompliance with [another section] suggests that it chose not to do so.").

We are to presume the regularity of judgments, absent controverting matter in the record. *See S. Ins. Co.*, 249 S.W.3d at 13–14 (collecting authorities). This doctrine applies to issues arising under section 410.258, thus, a judgment is not rendered void where the record and judgment are silent regarding compliance with section 410.258. *See id.; see also State Office of Risk Mgmt. v. Berdan*, 335 S.W.3d 421, 423–24 (Tex. App.—Corpus Christi 2011, pet. denied) (holding that the judgment was not void where the record and judgment were silent regarding compliance with section 410.258); *Bell v. Zurich Am. Ins. Co.*, 311 S.W.3d 507, 513 (Tex. App.—Dallas 2010, pet. denied) (supplemental op. on reh'g) (same); *Ins. Co. of State of Pa. v. Orosco*, 170 S.W.3d 129,

---

[3] In its brief, ICSOP asserted that this letter was not contained in the clerk's record; however, ICSOP asserted that it would file a motion to supplement the record with this letter. No such motion was ever filed. ICSOP attached this letter as an exhibit to its brief. We do not consider attachments to briefs that were not part of the trial court record and are not formally included in the appellate record. *Guajardo v. Conwell*, 46 S.W.3d 862, 864 (Tex. 2001); *In re Guardianship of Winn,* 372 S.W.3d 291, 297 (Tex. App.—Dallas 2012, no pet.); *Paselk v. Rabun*, 293 S.W.3d 600, 612 n.12 (Tex. App.—Texarkana 2009, pet. denied). Given our disposition of this issue, we need not further address this matter here.

9

134–35 (Tex. App.—San Antonio 2005, no pet.) (same); *Casillas v. State Office of Risk Mgmt.*, 146 S.W.3d 735, 738–39 (Tex. App.—El Paso 2004, no pet.) (same). Neither the record nor the judgment contain any information refuting ICSOP's allegations regarding its compliance with section 410.258. As the complaining party, Gallardo carried the burden to establish why this Court should not apply this presumption regarding the regularity of judgments in this case. *See Brewster*, 249 S.W.3d at 14. Gallardo failed to carry that burden herein. Accordingly, we overrule Gallardo's first issue.

In her second issue, Gallardo contends that the parties' February 1, 2012 Rule 11 Agreement failed to comply with the rules of civil procedure because it was never filed. Texas Rule of Civil Procedure 11 provides that "no agreement between attorneys or parties touching any suit pending will be enforced unless it be in writing, signed and filed with the papers as part of the record, or unless it be made in open court and entered of record." TEX. R. CIV. P. 11; *see In re Vaishangi, Inc.*, 442 S.W.3d 256, 259 (Tex. 2014) (per curiam). The filing requirement in the rule is satisfied so long as the agreement is filed before it is sought to be enforced. *Padilla v. LaFrance*, 907 S.W.2d 454, 461 (Tex. 1995). Our review of the clerk's record indicates that the parties' February 1, 2012 letter agreement was filed as an exhibit to ICSOP's original petition in this case. Accordingly, we overrule Gallardo's second issue. *See id.*

In her third issue, Gallardo contends that ICSOP was attempting to dispose of supplemental income benefits that had not been previously determined by the Division. By separate opinion issued this same day, we determined that the trial court lacked jurisdiction to make any findings regarding Gallardo's entitlement, or lack thereof, to fifth

through eighth quarter supplemental income benefits.  *See In re Gallardo*, 2015 WL ___, at \*_.  Accordingly, we need not further address this issue here.  *See* TEX. R. APP. P. 47.4.

## IV. CONCLUSION

Having overruled each of appellant's issues, we affirm the summary judgment, as previously modified by our separate opinion in the original proceeding.  *See id.*

/s/ Gina M. Benavides
GINA M. BENAVIDES,
Justice

Delivered and filed the
19th day of February, 2015.

11