**Affirmed and Opinion Filed November 7, 2022**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

_____

## No. 05-20-00961-CV
_____

## WAYNE M. ENGLISH, Appellant
## V.
## PARCEL EXPRESS, INC., Appellee

**On Appeal from the County Court at Law No. 4**
**Dallas County, Texas**
**Trial Court Cause No. CC-20-00291-D**

## MEMORANDUM OPINION

Before Justices Partida-Kipness, Reichek, and Goldstein
Opinion by Justice Partida-Kipness

Appellant Wayne M. English appeals a sanctions order awarding $4,500 in

attorney's fees to appellee Parcel Express, Inc. Finding no abuse of discretion, we

affirm.

## BACKGROUND

On November 30, 2018, English mailed a package from Parcel Express in

Mesquite, Texas. The package contained reply briefs for filing in the Third Circuit

Court of Appeals in Philadelphia, Pennsylvania. English purchased United States

Postal Service (USPS) Priority Mail service for the package. According to English,

he contacted the Third Circuit on December 5, 2018, and discovered the court had

not received the package. English maintains he then checked the tracking information on-line and found the package "had not moved since he handed it to Parcel." He contends a Parcel Express employee told him the next day that the package had been given to the postal service and denied the package was still at Parcel Express. On December 7, 2018, English mailed a motion for extension of time to file the reply briefs and new copies of the reply brief to the Third Circuit directly from the Mesquite Post Office. The package mailed from Parcel Express arrived at its destination on December 10, 2018.

On December 14, 2018, English sued Parcel Express in Justice Court. He alleged Parcel Express "never turned over" the package to the USPS for shipment and, as a result, the package was not delivered to the Third Circuit. According to English, Parcel Express's failure to transfer the package required him to prepare and ship new copies of his reply brief to the Third Circuit at greater cost to him. He sought judgment for the additional expenses and punitive damages. He attached the following to his petition: (1) a copy of the Parcel Express sales receipt showing the Priority Mail tracking number, (2) a copy of a USPS tracking report purportedly obtained from a USPS employee regarding the package, (3) an undated copy of an on-line tracking report for the package, and (4) a screenshot purportedly of English's cell phone showing a phone call to an 800 number on December 6.

Parcel Express answered the lawsuit on April 9, 2019. Before trial, counsel for Parcel Express, John Bowdich, corresponded with English via e-mail about

–2–

English's allegations. In a September 26, 2019 e-mail, Bowdich told English that Parcel Express contends the lawsuit had no merit because the package was delivered, and English did not purchase shipping with a guaranteed delivery date. Bowdich asked English to dismiss the lawsuit and warned that Parcel Express would seek its attorney's fees for defending the suit if English refused to dismiss. Bowdich attached documents to support Parcel Express's position. Those documents included a printout from the company's Endicia tracking program showing delivery of a package with the same tracking number as the Priority Mail package to Philadelphia on December 10, 2018, USPS definitions of Priority Mail ship times, and the Third Circuit's on-line docket sheet showing receipt of English's reply brief on December 10, 2018, with a notation the reply brief had a certificate of service of November 28, 2018. Bowdich and English communicated via e-mail over the course of several days. English accused Bowdich of misinterpreting the facts and insisted Parcel Express did not give the package to USPS and the package was not delivered. Parcel Express asked English twice more to voluntarily dismiss the case and included an agreed order of dismissal with prejudice for his signature. Parcel Express also provided English with a link to track the package through the Endicia software used by Parcel Express.

After English refused to dismiss the case, Parcel Express filed its motion for sanctions on October 3, 2019. In the motion, Parcel Express argued English should take nothing by his claims and be sanctioned because he continued to pursue the

litigation and assert the package was not delivered despite receiving "conclusive proof" from Parcel Express that the package was delivered to the Third Circuit. In support of the sanctions motion, Parcel Express submitted the sales receipt for English's package, which included its Priority Mail tracking number, a printout from the company's Endicia tracking program showing delivery of a package with the same tracking number as the Priority Mail package to Philadelphia on December 10, 2018, and the Third Circuit's on-line docket sheet showing receipt of English's reply brief on December 10, 2018. The docket sheet noted the reply brief had a certificate of service of November 28, 2018. A separate docket entry showed receipt of English's motion for extension of time to file the reply brief with a certificate of service date of December 6, 2018. In response to the sanctions motion, English reiterated the allegations in his petition, attached the same exhibits included with his petition, and added a copy of the receipt and shipping label for the second package mailed to the Third Circuit on December 7, 2018.[1]

The case proceeded to trial on November 5, 2019.[2] The Justice Court signed a final judgment the same day, rendered a take-nothing judgment against English, granted Parcel Express's motion for sanctions, and awarded Parcel Express

---

[1] The Justice Court record includes two copies of English's response to the motion for sanctions. One copy is signed and file-stamped, the other is unsigned and not file-stamped. Five exhibits are attached to the signed and file-stamped copy of the response, while fourteen exhibits are attached to the unsigned copy. It is unclear why an unsigned and non-file-stamped copy was included in the record. Any references to the response are limited to the signed and file-stamped copy and its five exhibits.

[2] The transcript is not part of the appellate record.

–4–

attorney's fees of $2,500. The judgment included findings that English presented its petition for an improper purpose, including to harass or increase the cost of litigation, and the petition contained factual contentions without evidentiary support. English filed a motion for new trial in which he denied alleging Parcel Express never delivered the package to the postal service. He maintained, instead, that Parcel Express held the package until December 8, 2018, and misrepresented to him that the package was not in the store. To support those allegations, English included a tracking report purportedly obtained from the IT department of Stamps.com. Parcel Express filed a response in which it argued English's new evidence supported Parcel Express's position by showing USPS received the package on November 30, 2018, and USPS delivered the package on December 10, 2018. Parcel Express relied on the affidavit of Richard Swanner, its owner, to support the arguments in opposition to the motion for new trial. The Justice Court denied the motion for new trial on December 16, 2019. English appealed to the County Court at Law on January 3, 2020 (the Appeal).

In the Appeal, the parties were ordered to mediation, and English moved for return of an appeal bond overpayment. On July 14, 2020, Parcel Express filed an original counterclaim, a motion for sanctions, and a traditional and no evidence motion for summary judgment. Parcel Express submitted the following evidence in support of each of those filings: (1) the sales receipt for USPS Priority Mail of English's package dated November 30, 2018, (2) Endicia Tracking information

showing delivery of the package to its destination on December 10, 2018, (3) the declaration of Richard Swanner with Endicia's Full Tracking spreadsheet for English's package and Code explanations attached, (4) the Third Circuit's on-line docket sheet showing delivery of English's package on December 10, 2018, and (5) the USPS Disclaimer for Priority Mail showing Priority Mail does not provide a guaranteed delivery date. English filed responses to Parcel Express's filings and included the same evidence relied on in the Justice Court as support.

Trial was held in the County Court at Law on August 5, 2020. That court signed a final judgment on August 7, 2020, rendered a take-nothing judgment against English, and dismissed English's claims with prejudice. English filed a request for findings of fact and conclusions of law and a "motion for new trial or to modify, correct, or to reform judgment." The court held a hearing on Parcel Express's motion for sanctions on September 8, 2020, and granted the motion. The court made several written findings in the order granting the motion for sanctions:

- English had evidence, or should have known after reasonable inquiry, that his package was delivered to its destination prior to trial in the Justice Court;

- Before filing his motion for new trial in the Justice Court and the Appeal, English (1) had conclusive evidence that his package was delivered to its destination, and (2) had no evidence that Parcel Express failed to provide his package to USPS on a timely basis;

- English misrepresented to Parcel Express that his package was not delivered to its destination after he knew, or should have known after reasonable inquiry, that the package was delivered to its destination;

–6–

- English filed his motion for new trial in the Justice Court, the Appeal, and all filings in the Appeal when he knew, or after reasonable inquiry should have known, the filings were groundless and did not have any factual support;

- English "presented and continued" his motion for new trial in the Justice Court, the Appeal, and all filings in the Appeal for an improper purpose, including to harass Parcel Express and needlessly increase the cost of litigation, in violation of section 10.001(1) of the Texas Civil Practice and Remedies Code; and

- English violated section 10.001(3) of the Texas Civil Practice and Remedies Code by filing his motion for new trial in the Justice Court, the Appeal, and all filings in the Appeal when he knew, or after reasonable inquiry should have known, the filings contained factual contentions that did not have any competent evidentiary support.

The court awarded Parcel Express attorney's fees of $4,500 and found those fees reasonable and necessary based on the services provided and due to English's Chapter 10 violations. The County Court at Law denied English's amended motion for new trial on October 14, 2020, and this appeal followed.

## ANALYSIS

English brings four issues on appeal. The overarching legal challenge asserted by English, however, is whether the trial court abused its discretion by awarding Parcel Express attorney's fees as sanctions. He asserts the trial court abused its discretion by awarding sanctions because (1) Parcel Express's evidence failed to meet the standards required by Chapter 10 of the Texas Civil Practice and Remedies Code, (2) English's complaint was not filed for an improper purpose, and (3) English's complaint had evidentiary support.

We review a sanctions order for an abuse of discretion. *Nath v. Tex. Children's Hosp.*, 446 S.W.3d 355, 361 (Tex. 2014); *Low v. Henry*, 221 S.W.3d 609, 614 (Tex. 2007); *Aubrey v. Aubrey*, 523 S.W.3d 299, 315 (Tex. App.—Dallas 2017, no pet.). An assessment of sanctions will only be reversed if the trial court acted without reference to any guiding rules and principles, such that its ruling was arbitrary or unreasonable. *Unifund CCR Partners v. Villa*, 299 S.W.3d 92, 97 (Tex. 2009). To determine if the sanctions were appropriate or just, we must ensure that there is a direct nexus between the improper conduct and the sanction imposed. *Shultz v. Shultz*, No. 05-20-00819-CV, 2022 WL 336564, at *6 (Tex. App.—Dallas Feb. 4, 2022, pet. filed) (mem. op.) (citing *Spohn Hosp. v. Mayer*, 104 S.W.3d 878, 882 (Tex. 2003), and *Owen v. Jim Allee Imports, Inc.*, 380 S.W.3d 276, 282 (Tex. App.—Dallas 2012, no pet.)). When reviewing an order for sanctions, we examine the entire record to determine whether the trial court's sanctions were proper. *Daniels v. Indem. Ins. Co. of N. Am.*, 345 S.W.3d 736, 741 (Tex. App.—Dallas 2011, no pet.); *Am. Flood Research, Inc., v. Jones*, 192 S.W.3d 581, 583 (Tex. 2006). We review the evidence in the light most favorable to the trial court's ruling and draw all reasonable inferences from the evidence to sustain the order. *Daniels*, 345 S.W.3d at 741.

Here, the County Court at Law awarded Parcel Express attorney's fees based on English's violations of sections 10.001(1) and 10.001(3) of the Texas Civil Practice and Remedies Code. TEX. CIV. PRAC. & REM. CODE §§ 10.001(1),

10.001(3). Those sections provide that the signing of a pleading or motion constitutes a certificate by the signer that to the best of his knowledge, information, and belief after reasonable inquiry:

> (1) the pleading or motion is not being presented for any improper purpose, including to harass or to cause unnecessary delay or needless increase in the cost of litigation; [and]
>
> * * *
>
> (3) each allegation or other factual contention in the pleading or motion has evidentiary support or, for a specifically identified allegation or factual contention, is likely to have evidentiary support after a reasonable opportunity for further investigation or discovery;
>
> * * *

TEX. CIV. PRAC. & REM. CODE §§ 10.001(1),(3). If a court determines a pleading was signed in violation of Section 10.001, sanctions may be imposed on the signer, a party represented by the signer, or both. *Id.* § 10.004(a). Sanctions ordered under Chapter 10 "must be limited to what is sufficient to deter repetition of the conduct or comparable conduct by others similarly situated." *Id.* § 10.004(b). A sanction may include any of the following: (1) a directive to the violator to perform, or refrain from performing, an act; (2) an order to pay a penalty into court; and (3) an order to pay to the other party the amount of the reasonable expenses incurred by the other party because of the filing of the pleading or motion, including reasonable attorney's fees. *Id.* § 10.004(c). A court shall describe in an order imposing a sanction under Chapter 10 the conduct the court has determined violated section 10.001 and explain the basis for the sanction imposed. *Id.* § 10.005.

The basis of English's claims in the Justice Court was his contention Parcel Express failed to deliver the package to USPS and, as a result, the package did not reach its destination. The record shows English refused to dismiss those claims after receiving proof from Parcel Express that the package was delivered, and that Priority Mail service did not provide a guaranteed delivery date. As a result, the case proceeded to trial and resulted in a take-nothing judgment against English and a fees award to Parcel Express as sanctions.

Instead of ending the dispute in the Justice Court, English filed a motion for new trial with "new" evidence he insisted established Parcel Express's failure to timely deliver the package to USPS. The "new" evidence was a spreadsheet showing detailed tracking information from Endicia concerning the package. Parcel Express responded with affidavit testimony from its owner, Richard Swanner. In the affidavit, Swanner explained the Endicia tracking information provided by English conclusively proved Parcel Express gave USPS the package on November 30, 2018. Specifically, Swanner testified the tracking information confirmed USPS "picked up the package" from Parcel Express and "loaded it on the truck" on November 30, 2018. The printout further confirmed the package was lost in the USPS system for seven days after leaving Parcel Express. The tracking information also showed delivery of the package to its destination on December 10, 2018.

Despite Swanner's testimony, English did not withdraw his motion for new trial. Instead, he appealed the Justice Court's final judgment and denial of the motion

for new trial. In the Appeal, he continued to insist Parcel Express did not transfer the package to USPS in a timely manner. The Appeal proceeded through trial and again ended with a take-nothing judgment rendered against English, a motion for new trial filed by English, and a motion for sanctions filed by Parcel Express. At the hearing on the motion for sanctions, English continued to insist Parcel Express was misrepresenting that facts. English maintained Parcel Express did not transfer the package to USPS on November 30, 2018.

Based on the record before it, the County Court at Law could have determined English violated sections 10.001(1) and 10.001(3) by continuing to pursue the lawsuit after Parcel Express provided him conclusive proof the package was delivered. Moreover, Swanner's testimony provided definitive proof to defeat English's revamped argument that Parcel Express did not timely deliver the package to USPS. Yet, despite that evidence, English decided to appeal the Justice Court judgment and pursue his claims through trial and post-trial proceedings in the County Court at Law. English had multiple opportunities to accept the deficiencies in his evidence and arguments. Instead, he chose at each juncture to continue the litigation. Under this record, we conclude the trial court did not abuse its discretion by finding English's filings after trial in the Justice Court and his filings in the Appeal were filed for an improper purpose and included frivolous arguments without factual support. Further, after reviewing the entire record, including the timing and substance of the various pleadings and the attorney's fees testimony at the sanctions

hearing, we conclude the trial court did not abuse its discretion in awarding Parcel Express $4,500 in sanctions. *See Law Offices of Windle Turley, P.C. v. French*, 164 S.W.3d 487, 491–92 (Tex. App.—Dallas 2005, no pet.).

## CONCLUSION

The record supports the trial court's decision to award sanctions to Parcel Express. Further, the sanctions awarded are appropriate under section 10.004(c). We, therefore, conclude the trial court did not abuse its discretion in granting Parcel Express's motion for sanctions. Accordingly, we overrule English's appellate issues and affirm the judgment and the trial court's sanctions order.

/Robbie Partida-Kipness/
ROBBIE PARTIDA-KIPNESS
JUSTICE

200961F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

WAYNE M. ENGLISH, Appellant

No. 05-20-00961-CV     V.

PARCEL EXPRESS, INC., Appellee

On Appeal from the County Court at Law No. 4, Dallas County, Texas
Trial Court Cause No. CC-20-00291-D.
Opinion delivered by Justice Partida-Kipness. Justices Reichek and Goldstein participating.

In accordance with this Court's opinion of this date, the trial court's August 7, 2020 Final Judgment and September 8, 2020 Order Granting Defendant's Motion for Sanctions are **AFFIRMED**.

It is **ORDERED** that appellee PARCEL EXPRESS, INC. recover its costs of this appeal from appellant WAYNE M. ENGLISH.

Judgment entered this 7th day of November 2022.